# SUPREME COURT OF LOUISIANA,

#### IN THE

### WESTERN DISTRICT, AT ALEXANDRIA,
### OCTOBER, 1841.

#### PRESENT:

Hon. FRANÇOIS XAVIER MARTIN.
Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. RICE GARLAND.

JOHN TAYLOR's Adm'rs & OSGOOD WHITTIER's Curator *v.* RICHARD S. JEFFRIES' Adm'rs.

Clerks of courts cannot certify any thing done in the prosecution of a suit, otherwise than by a copy of the minutes or records, unless specially authorized by law.

An endorsement by the clerk of the court of probates on the petition of an administrator for the homologation of a tableau of distribution, that it was advertised on a certain day, is not sufficient proof of the publication of the advertisements required by law.

APPEAL from the Court of Probates for the parish of Rapides, *Johnston, J.*

*Brewer* and *Dunbar*, for the appellants.

The opinion of the court was delivered by

MARTIN, J.   This case was remanded at the October term, 1836, with directions to the judge of probates of the parish of Rapides to

enquire into the right of the appellants (Taylor & Whittier) to appeal.

The court of probates has certified to us that the appellants are creditors of the estate of R. S. Jeffries, deceased.

The appellants now show that there is no other evidence of the publication of the advertisement required by law giving notice of the filing of the tableau of distribution ten days before its homologation, than the mere endorsement of the clerk of probates on the back of the administrator's petition, that it was "*advertised the first of February*, 1834."

This proof of advertising and notice is evidently insufficient. Clerks of courts cannot certify any thing that was done in the prosecution of a suit, otherwise than by a copy of the minutes or records of the court, except in cases in which they are specially authorized, as in certificates to the record on appeal, and that the record has not been brought up on the appeal in time, and the like cases. Code of Pr., arts. 586, 589.

The court of probates in our opinion erred in homologating the tableau without proof of the publication and advertisements required by law.

It is therefore ordered that the judgment of the court of probates be reversed, and that this case be remanded for further proceedings according to law. The costs of the appeal to be paid by the estate.