Statement of the Case.
NICHOLLS, J.
The plaintiff’s suit, filed on the 29th of May, 1906, is to obtain (for causes assigned) a judgment of separation from bed and board from her husband.
In the body of the petition she averred that her husband was earning a salary of $100 per month; that she was absolutely without property or means for the support of herself or their son, Joseph Rosenthal. She prayed that the court authorize her to bring this suit and stand in judgment; that the residence of her mother, Mrs. Regina Meyers, No. 2315 Carondelet street, in the city of New Orleans, be assigned her as a residence during the pendency of this litigation ; that pending the litigation she be given the custody and control of her son, Joseph Rosenthal; that her husband, Solomon Rosenthal, be ordered to pay her the sum of $40 per month of alimony for the support of herself and her son during the pendency of the suit.
Upon the filing of this petition the court rendered an order authorizing the plaintiff to bring the suit and assigning the residence of Mrs. Regina Meyers, 2315 Carondelet street, New Orleans, as that of the plaintiff during the pendency of the suit, and giving to her, pending the same, the custody and care of her son. The court further ordered that the-defendant do appear on the 8th day of June, 1906, to show cause, if any he had or can, why he should not be ordered to pay to the plaintiff the sum of $40 per month alimony during the pendency of the suit.
Service of this petition and order were made upon the defendant in person on the 2d of June, 1906.
On June 8th the court rendered judgment as follows:
“The rule for alimony herein filed came on this day. Present: Col. John C. Wiekliffe, attorney for plaintiff, and J. Sinai, representing Mr. Bruen, reported sick. And, after hearing counsel and pleadings, for reasons orally assigned,, it is ordered that defendant. Solomon Rosenthal, be ordered to pay to Mrs. Carrie Rosenthal alimony at the rate of forty dollars-($40.00) per month from June 1, 1906, until further orders of the court.
“Judgment read and rendered in open court June 8, 1906. Judgment signed in open court June 14, 1906.”
On the 19th of June, 1906, defendant applied for and obtained an order for a suspensive appeal to the Supreme Court.
He made no application for a new trial.
There are no bills of exception in the record, and no assignment of errors.
*789 Opinion.
It would appear from appellant’s brief that tbe grounds on which he relies for reversal are:
First. That the case was not ripe for default, and no answer had been filed by appellant to the petition.
Second. That Mr. Bruen, attorney for defendant, was reported sick.
Third. That there was no allegation or proof that plaintiff had continuously resided in the house appointed by the judge as her residence, and no proof in the record as to the means of the husband.
The deputy clerk of the civil district court for the parish of Orleans certifies on a printed form that the “foregoing ten pages contain a true and complete transcript of all the proceedings had, documents filed, and evidence adduced upon the trial of the cause.”
There is no testimony copied in the record and no note of evidence. In this condition of the record defendant insists that the court rendered judgment without any evidence before it. His counsel refers the court to Suberville v. Adams, 46 La. Ann. 125, 14 South. 518, and Ellerbuseh v. Kogei, 108 La. 52, 32 South. 191.
Plaintiff, on the other hand, submits the following propositions, which she maintains are sustained by the authorities which are cited:
“A judgment must be presumed to have been rendered on proper evidence. So, where execution is ordered in the name of a foreign executor, it will be presumed that there was due proof that the will had been probated and made executory here. Dangerfieid v. Thruston, 8 Mart. (N. S.) 236.
“The evidence on which the judgment is based, if not before the court, will be presumed to have authorized it. Davock v. Darcy, 6 Bob. 342.
“The Supreme Court will presume that the evidence, with which it is not furnished and upon which the judgment complained of was rendered, authorized it. Miller v. Whittier, 6 La. 72.
“When the transcript of appeal contains no evidence, it will be presumed that the court acted upon proper evidence. State v. Nicol & Bowman, 30 La. Ann. 629.
“When there is no evidence, the presumption is that the court rendered judgment on sufficient evidence. Nugent v. Stark, 34 La. Ann. 628; Simmons v. Howard, 23 La. Ann. 504; Bank v. Bringier, 22 La. Ann. 118; Smith v. City, 24 La. Ann. 20; State v. De Monasterio, 26 La. Ann. 734; Succession of Pilcher, 39 La. Ann. 362, 1 South. 929; Succession of Moore, 42 La. Ann. 332, 7 South. 561.”
We find no force in the first and second grounds which defendant urges for reversal of the judgment. We know of no law, and see no good reason, for postponing consideration of plaintiff’s application to be given alimony. It is not part of plaintiff’s demand, but a mere incidental motion connected with-it, which from its nature and character requires prompt action. If there existed any good ground by the defendant for not taking up the rule for trial on the day fixed, then application should have been made for a continuance. Defendant was content to have Mr. Sinai, who is a member of the bar, represent his interests on the trial, and he has not repudiated his authority to do so. He failed to declare any injury or wrong in a motion for a new trial, when the court could have afforded him quick relief to hold back action thereon, to plaintiff’s detriment, until it could be tardily reached after an appeal. As the application for alimony was made in and simultaneously with the petition, applicant could not have made the allegation which appellant urges she should have made.
The third objection, in view of the recitals of the clerk’s certificate, is more serious; but we have reached the conclusion that it, also, is insufficient.
Defendant’s position is that, the deputy clerk having certified that “the transcript filed contained all the evidence adduced on the trial of the case,” and the transcript containing the copy of no evidence whatever, the necessary conclusion from these two facts, ex vi terminorum, was that there was no testimony taken on the trial.
*791 In Starke v. Bossier, 19 La. Ann. 180, this court said:
“The clerk is a ministerial officer, whose duty and power are well defined'by law.
“After the appeal has been allowed and the surety given, the clerk of the court from whose judgment the appeal is taken shall make a transcript of all the proceedings, as well as of all the documents filed in the suit, and annex the same to the petition of appeal, in order that the same may be delivered to the appellant when demanded. Code Prac. art. 585.
“The clerk is then to copy all the proceedings and all the documents as he finds them in the suit, without adding or subscribing from them a single word. His duty was to copy the notes as they were filed, without making any remarks creating negative or affirmative evidence for either of the parties. Had the judge below stated in his judgment that the notes were not stamped as required by law, and dismissed the suit on that ground, it would be no evidence before us of that fact, as is well settled in our jurisprudence.”
It will be seen that the duty of the clerk is “to copy” all the proceedings, as well as all the documents filed, in the suit. The article does not point out either the form or the recitals of the certificate of the clerk. In fact, it does not refer to a certificate at all. Jurisprudence has fixed the principle that clerks cannot certify anything done in the prosecution of a case, otherwise than by a copy of of the minutes or records, unless specially authorized by law. Kersham v. Collins, 2 Mart. (O. S.) 245; Smoot v. Russell, 1 Mart. (N. S.) 522; Briggs, Lacaste & Co. v. Campbell, 19 La. 524; Taylor's Adm’rs v. Jeffries’ Adm’rs, 1 Rob. 1: Succession of Bowles, 3 Rob. 83; Hennen’s Digest, p. 577, No. 1.
The testimony adduced during the trial is not reduced to writing, unless at the request •of one of the parties. Code Prac. art. 601.
If not requested to be taken in writing, it will not appear in the record for the clerk to “copy” or transcribe. He will have done his whole duty when he has copied everything in the record and certified to it as a correct copy of the same. It is no part of his duty, and it is outside of his province, to make any •comments upon the evidence (as said in the case cited) one way or the other. He is not authorized to certify to any fact falling outside of his duty as a mere transcriber or copyist. He must- copy all the papers, proceedings, and all the testimony as he finds them in the suit, leaving to the parties and the court the rights and the duty of finding deficiencies in the record, if they exist, and determining what presumptions would flow from the situation.
In this case the transcript is certified to by the deputy clerk of the civil district court for the parish of Orleans, who cannot certify as a fact as to what testimony was adduced on the trial in respect to which he is ignorant. The different divisions of the civil district court have their respective minute clerks and stenographers, who alone are cognizant of what takes place in the particular divisions of the court on the trial of cases. When the record of a case is sent to the general office of the clerk, it is there transcribed and copied faithfully from the papers as sent to that office. The deputy clerk in this case was not warranted in framing his certificate in manner such as might convey the idea that no testimony had been adduced on the trial — a fact of which, in reality, he had no knowledge.
There are many cases where it would be impossible to require the clerk of a district court to certify as to what testimony had been “adduced” on the trial of a particular case; as, for instance, a clerk of court, elected in 1904, could not possibly certify as to what testimony had been adduced on the trial of a case which had been closed 30 or 40 years before. That condition of things existed in Succession of Guillebert (La.) 41 South. 654.[1] a certificate couched in the language of that attached to the present transcript should be so construed and read as to certify that the transcript was a full, correct, *793 and complete copy of the record existing in the civil district court.
So reading it, in .connection with the law and the duties of the clerk, there is no presumption that the judge of the trial court acted without evidence, or sufficient evidence. Succession of Kemp, 9 La. Ann. 190.
The case we are dealing with is not that of an appellee seeking to dismiss an appeal, but of an appellant seeking to reverse a judgment rendered by the district court upon an assumed presumption that the judgment was rendered without any evidence to support it. The party intending to appeal on such a pretension should, in support of that position, obtain from the district judge a statement as to what the real situation was on that score (Code Prae. arts. 602, 603), and not rest upon a presumption drawn from an unauthorized certificate of the clerk of the civil district court. All jurisprudence tends to the maintaining of the judgments of court. An appellant has to make a very, strong showing to enable him to have even a standing in court. Appeals are constantly dismissed. Hennen, p. 71, Nos. 15, 23; Id. p. 79, No. 12.
All articles of the Code of Practice must be construed together.
We find no ground for reversing the judgment appealed from, and it is hereby affirmed.

 Ante, p. 372.