## No. 8785.
### Orleans Appeal.

---

### SUCCESSION OF LOUIS MULLER AND HIS WIFE, MRS. HELENA KERNER.
#### (Opposition of William Holland.)

(January 5, 1925, Opinion and Decree.)

---

#### (Syllabus by the Court.)

1. Louisiana Digest—Appeal—Par. 715, 729; Executors and Administrators— Par. 378.

While absence of counsel at the original trial of a suit (except under conditions prescribed by Act 196 of 1912) furnishes no peremptory cause for continuance on behalf of counsel's client, but is rather a matter within the discretion of the trial judge, nevertheless, where it appears on appeal that appellant has, by no fault of his own, been deprived of a fair opportunity to have his cause properly presented and tried, the Appellate Court, in order that the ends of justice might be subserved, will set aside the judgment appealed from and will remand the case for further trial. (Code of Practice, Art. 1042, 906. Editor's Note.)

Appeal from the Civil District Court for the Parish of Orleans, Div. "E"; Hon. Fred D. King, Judge.

This is an opposition to the final account of the administratrix.

There was judgment homologating the account but omitting judgment on opponent's (William Holland's) account.

Judgment reversed and case remanded.

J. J. Wingrave, R. B. Otero, attorneys for accountant and appellee.

Harold A. Moise, A. B. Hammond, Legier & Gleason, D. V. Doussan, attorneys for opponents and appellants.

BELL, J. In this proceeding the administratrix of the Successions of Louis Muller and his wife, filed her final account on the 20th of April, 1921. To this account, two oppositions were filed, one of them by appellant, William Holland, a creditor of said successions, who prayed to be placed upon

the administratrix's account in the sum of $230.40.

On May 19, 1922, at the hearing of the account and two oppositions thereto, it appears from the record before us that neither opponent, William Holland, nor his attorney, were present. The court, after hearing the other opposition and allowing it, rendered judgment approving and homologating the account as filed, subject to such amendment. There was no judgment rendered either maintaining or dismissing appellant's opposition. This judgment was signed on May 26, 1922, and it appears from the record that a motion for a new trial on behalf of opponent Holland was filed on the same day, upon which the judgment was signed. This motion reads as follows:

"On motion of D. V. Doussan, attorney of William Holland, opponent to the account herein filed by the administratrix of this succession, and on suggesting to the court that a judgment was rendered herein, Friday, May 19, 1922, homologating said account in spite of the opposition of said William Holland thereto; and on further suggesting to the court that a new trial should be granted herein, because said opposition was tried during the absence of said mover, who could not be present at the trial thereof because on said Friday, May 19, 1922, his father was buried; that mover had the court notified on the morning of said Friday that he could not appear in court on said day for the reason above stated, and requested a continuance of this case before this court; and on further suggesting that this court agreed to continue said cases;

"It is ordered by the court that the administratrix of this succession show cause, if any she had, on the _____ day of _____, why a new trial should not be granted to William Holland on his opposition to her account.

"New Orleans, May 26, 1922."

The record shows that the foregoing motion and order was refused by the trial judge and that, accordingly, opponent, William Holland, applied for and obtained a suspensive appeal from the judgment homologating the account.

There is nothing in the record, nor has any proof on behalf of appellee been submitted to this court by which the allegations set forth in the motion for a new trial are in any manner challenged or denied, and taking the record as we find it, the facts as set forth in the motion for a new trial, appear to us to be such as to justify the exercise of this court's discretion in remanding the case so that opponent and appellant may have his day in court.

While none of the reasons stated in the motion are legal reasons for our holding that the judgment, as rendered, was contrary to the law or the evidence before the court, and while neither the court practice nor the jurisprudence of this State, establishes as a peremptory cause for continuance by the trial court of a case because counsel representing a party interested, is absent from the trial, we are of the opinion that because of the circumstances of this case, the opponent and appellant has not, through any fault of his own, been given an opportunity to have his case presented and tried as justice and equity would demand.

Act 196 of 1912 presents the only peremptory cause known to our law for the continuance of a trial of a case because of absence of counsel.

After careful examination and research, we find in the following cases a judicial inference that in the absence of counsel, because of physical disability or similar reasons, the trial court would not be justified in denying a continuance when such conditions are presented and when timely application for such relief is submitted to the court. In Johnson vs. Dean, et al., 48 La. Ann. 100, 18 South. 902, the Supreme Court refused to set aside the judgment appealed from, in the following language:

"No legal showing was made for a continuance and we cannot disturb the judgment. No statement was made that the counsel were absent because of physical disability."

In Anderson vs. Arnett, et al., the Court refused to disturb the judgment appealed from on the grounds of absence of counsel, noting, however, that no good reason why counsel had been absent was presented to the court.

In Meyer vs. Pritchett, et al., 8 Ct. App., this Court refused similar relief upon grounds stated in the syllabus of the opinion as follows:

"Absence of counsel at the trial of a case not satisfactorily accounted for nor seasonably brought to the attention of the lower court, is insufficient ground for remanding the case for a new trial, particularly where it appears upon the face of the papers that the defenses set up in the answer could not, on technical grounds, be proved."

Exercising the discretion vested in this court, and considering the record before us, which additionally discloses the fact that the account filed is not sworn to and that no proof whatever was made as to the correctness of the account homologated, such as is required by Article 1042, C. P., we are of the opinion that the ends of justice would be better subserved by setting aside the judgment appealed from and remanding this case for further trial, in conformity with this opinion.

It has been held that where on the homologation of an account, opposed or not opposed, the evidence is not taken down, the case will be remanded. (See Garland's Code of Practice, Art. 1042, p. 731, and authorities there cited.)

It is, therefore, ordered that the judgment appealed from be and the same is hereby set aside, and this case is now remanded to the District Court for further trial, in accordance with law.