**No. 835**

**First Circuit**

___

**COHN FLOUR & FEED CO. v. MITCHELL**

___

(October 7, 1931. Opinion and Decree.)
(December 8, 1931. Rehearing Refused.)

___

See also 17 La. App. 198, 135 So. 385.

Taylor, Porter, Loret & Brooks, of Baton Rouge, and Carroll Buck, of Amite, attorneys for plaintiff, appellee.

Rownd & Warner, of Hammond, attorneys for defendant, appellant.

MOUTON, J. Judgment confirming a default was rendered in favor of plaintiff company against defendant, December 23, 1930.

An appeal was taken from that judgment, January 6, 1931.

On December 24, 1930, defendant obtained a rule against plaintiff asking for a cancellation of the judgment. The issuance of the rule against plaintiff company was obtained on the ground that the judgment of default was confirmed at a time when the court had informed counsel for defendant that it would not be in session, and that it had therefore been improvidently allowed. The rule was dismissed.

The avenue of relief for defendant was by way of a motion for a new trial or some other proceeding.

A judgment becomes the property of him in whose favor it has been given; and the judge cannot alter the same, except in the mode provided by law. Code Prac. art. 548. Much less can he cancel or annul it except in the manner legally pointed out.

A rule was not the proper proceeding for the cancellation or annulment of that judgment.

The foregoing disposes of the main contention of defendant.

The other complaint of the defendant is that plaintiff did not prove its claim against defendant.

The suit of plaintiff is on a promissory note which forms part of the demand. The minute entry says that the petition, citation, return of the sheriff, with the record, were offered in evidence, and the judgment declares that it was rendered on due proof of the demand of the plaintiff. This, it seems, constituted sufficient legal proof for the confirmation of the default.

The testimony adduced during the trial is not reduced to writing, unless at the request of one of the parties. Code Prac. art. 601; Rosenthal v. Rosenthal, 117 La. 786, 42 So. 270.

It was the duty of defendant and appellant herein to secure a statement of facts before appealing. Code Prac. arts. 602, 603; Nugent v. Stark and Husband, 34 La. Ann. 631.

In such cases the presumption is that the district judge has acted upon proper and sufficient evidence. Rosenthal v. Rosenthal, 117 La. 786, 42 So. 270.

The claim for damages for a frivolous appeal is denied.

The writs of mandamus and prohibition issued by this court are hereby recalled, and the judgment of the district court is affirmed, with costs.