No. 4175

Second Circuit

(Second Division)

―

WALLACE v. PELICAN INDUSTRIAL LIFE INS. CO.

―

(December 9, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)

―

Chandler & Chandler, of Shreveport, attorneys for plaintiff, appellee.

Charles M. Roberson, of Shreveport, attorney for defendant, appellant.

DREW, J.   Plaintiff instituted this suit to recover the sum of $1,200, alleged to be due him by defendant for salary as medical examiner for the defendant company for the years 1923 to 1930, inclusive.   He alleged that he was employed by defendant company through its board of directors on January 1, 1923, and each year thereafter, including the year 1930, at a salary of $150 per year, and that no part of said salary has been paid.   He prayed for judgment accordingly, with legal interest on the sum of $150 from December 31, 1923, and on the sum of $150 a year thereafter until paid.

Defendant filed a prayer for oyer of the contract sued upon, which was answered by an amended petition setting out that the only written evidence of the contract was the minutes of the meeting of the board of directors of the defendant company for each of said years, 1923 to 1930, inclusive, and that said minutes were in the possession of the defendant company.

The petition was filed May 4, 1931; prayer for oyer filed May 15, 1931; and the answer to the prayer for oyer by a supplemental petition filed May 29, 1931. On June 10, 1931, preliminary default was entered, and on June 13, 1931, the preliminary default was confirmed and judgment read and signed.   There was no further appearance by defendant after filing the prayer for oyer until June 16, 1931, three days after the default was confirmed and judgment rendered, read and signed, at which time defendant filed an answer denying the demands of plaintiff.   Four days later, on June 20, 1931, defendant prayed for and was granted orders of appeal to this court.

Counsel for appellant did not argue the case in this court and in his brief does not attempt to explain why the answer was not filed until three days after judgment was rendered by default.   There is no testimony in the record, neither is there a statement of facts and it is not shown that any attempt was made to have a statement of facts placed in the record.   The

judgment of the lower court reads in part as follows:

"In this case by reason of a default having been entered and not set aside, but confirmed on due and legal proof in Open Court, and the law and the evidence being in favor thereof * * *."

We therefore presume that sufficient proof of plaintiff's demand was made in the lower court, and, without any written testimony or statement of fact, there is nothing for this court to review.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.