No. 4185

Second Circuit

(Second Division)

_____

SILVIE v. INTERNATIONAL ORDER OF TWELVE OF THE KNIGHTS AND DAUGHTERS OF TABOR

_____

(March 16, 1932. Opinion and Decree.)

_____

Bryan E. Bush, of Shreveport, attorney for plaintiff, appellee.

Charles M. Roberson, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J. Plaintiff was the beneficiary named in an endowment insurance policy issued March 30, 1925, by defendant, upon the life of Donny M. Conley, who died February 8, 1931. Upon the insurer's refusal to settle under the policy, the beneficiary filed suit. There was judgment for plaintiff as prayed for in the sum of $300, together with 6 per cent per annum interest from February 8, 1931, until paid, and defendant appealed.

Counsel for defendant, in brief filed and in oral argument before this court, states that neither defendant nor he was present at the trial of the case in the lower court, for the reason (quoting brief)·"that counsel of appellant was out of the City in the trial of other cases and did not think that this one was set down for trial." Counsel contends, however, that the evidence adduced upon the trial was not sufficient to warrant a judgment for plaintiff, but, in the alternative, in the event this court should conclude that it is sufficient, then counsel asks that the case be remanded and ordered reopened, and defendant given the opportunity to submit certain evidence which it has in its possession that will refute the evidence given by plaintiff, upon which the judgment was based.

The record in the case shows plaintiff filed the suit April 24, 1931, and on the 30th of April, 1931, service of citation and copy of petition was made upon defendant by handing same to David Hodge, its chief grand secretary, in his office in the city of Shreveport. Defendant appeared through its attorney and filed an exception of no cause of action on May 15th following, also filed answer of general denial on that same day. The court minutes show the exception was submitted to the court and by it overruled on the 25th of May, and on the 12th of June following is shown the following minute entry:

"Regularly taken up for trial. Defendant failing to be represented, either by its officers or by counsel, evidence was adduced, closed, and case submitted. There

is judgment for Plaintiff as prayed for." (See decree.)

· On the following day the judgment was read, signed, and filed, the preamble of which reads as follows:

"This cause having come on regularly for trial on this the 12th day of June, 1931, the defendant failing to appear in person or through counsel, the plaintiff offering due proof of her demands, the Court considering the law and evidence to be in favor thereof, for the reasons orally assigned:

"It is Ordered, Adjudged and Decreed," etc.

No application or motion for a new trial or rehearing was made, but on June 16th, following, defendant, by formal written application, asked for and was granted orders of appeal.

The testimony upon the trial was not reduced to writing. Under Code Prac., art. 601, testimony taken during the trial of a case need not be reduced to writing unless at the request of one of the parties. Rosenthal v. Rosenthal, 117 La. 791, 42 So. 270.

Article 463 of the Code of Practice, as amended by Act No. 53 of 1928, provides:

"As soon as the answer has been filed in a suit, the clerk shall set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial in the manner prescribed by special laws, and the rules of the respective courts. When requested in writing, filed in the record or by registered mail, the clerk shall give notice, in writing, deposited in the post-office properly stamped and addressed, to any party or attorney of record, ten days before the date fixed for trial, of the date fixed for the trial of the cause."

We do not know what rules the trial court in this instance has adopted for fixing and trying cases. Appellant has not pointed out wherein the court has failed to observe its rules in proceeding as it did. In the absence of such showing, it will be presumed that the case was proceeded with regularly in accordance with its rules. The minutes show that the case was regularly taken up for trial, and the judgment recites that same came on regularly for trial.

"Act 196 of 1912 presents the only peremptory cause known to our law for the continuance of a trial of a case because of absence of counsel." Succession of Muller, 1 La. App. 402.

The act named above is one amending section 126 of the Revised Statutes which provides that, whenever an attorney at law (including any member of a law firm) shall be a member of the Legislature, his absence from court during its session shall constitute peremptory cause for the continuance on the part of his client of any case wherein such attorney is employed as leading counsel.

The matter of continuance of a case because of the absence of an attorney or his client (other than as provided in Act No. 196 of 1912) is within the discretion of the court, and the court's actions will not be interfered with unless it be shown that complainant has, by no fault of his own, been deprived of a fair opportunity to have his case properly presented and tried.

In the Muller Succession case, supra, there was a motion for new trial, upon the ground of serious illness and death of counsel's father, which caused counsel's absence from the original trial. The motion was denied and an appeal prosecuted. The appellate court remanded the case, stating as reasons:

"After careful examination and research, we find in the following cases a judicial inference that in the absence of counsel, because of physical disability or similar reasons, the trial court would not be justified in denying a continuance when such conditions are presented and when timely application for such relief is submitted to the court."

But the court cited approvingly Johnson v. Dean, 48 La. Ann. 100, 18 So. 902, wherein the Supreme Court refused to set aside the judgment appealed, in the following language:

"No legal showing was made for a continuance, and we cannot disturb the judgment. No statement was made that the counsel were absent because of physical disability."

Also cited Meyer v. Pritchett, 8 Orleans App. 51, wherein similar relief was refused upon the grounds stated in the syllabus of the opinion as follows:

"Absence of counsel at the trial of the case, not satisfactorily accounted for nor seasonably brought to the attention of the lower court is insufficient ground for remanding the case for a new trial, particularly where it appears upon the face of the papers that the defenses set up in the answer could not on technical grounds be proved."

In the present case no application was made for a new trial in the lower court, nor has any application been made before this court to have the case remanded. Certainly under these circumstances it cannot be seriously contended by counsel that the cause should be remanded. Counsel at first asks, in his brief, that the court decide the case. This position taken by him is virtually equivalent to a waiver of prejudicial errors below. Schlater v. Wilbert & Sons, 41 La. Ann. 406, 6 So. 127.

Defendant filed exception of no cause of action in limine which was overruled by the court. The exception, not being urged on appeal, has presumably been abandoned. Defendant also pleaded, prematurity with and as part of its answer. The plea, which is dilatory in nature, must be pleaded in limine and cannot be pleaded in answer. Code Prac., art. 333. The plea is therefore overruled.

The testimony of the witnesses sworn on the trial in the lower court, if any actually testified, was not reduced to writing. There is no note of evidence, statement of facts, bill of exceptions, nor assignment of errors, in the record. The only evidence in the record consists of the policy sued on and the insured's "Financial Book," together with a letter addressed by defendant's counsel to plaintiff's counsel, written prior to filing of the suit, in answer to a demand for settlement under the policy.

The policy shows to have been issued by defendant at its office in Monroe, La., March 30, 1925, upon the life of Donnie M. Conley, who is designated as a member of defendant's Lennie Arvesta Tabernacle No. 20, located in the city of Shreveport, Caddo parish. Plaintiff is the designated beneficiary in the policy. Under the terms of the policy, the sum to be paid to the beneficiary in case of death of insured after 36 months from date of policy is $300. It is further stipulated that:

"Where the beneficiary is entitled to be paid Three Hundred ($300.00) Dollars that sum shall be paid in three installments, one for * * * $100.00 * * * in * * * 90 days, another of ($100.00) * * * at * * * 6 months, and a third of * * * ($100.00) * * * nine months after sat-

isfactory proof of death and compliance by the assured with all the conditions herein set forth. * * *"

One of the conditions in the policy as a requisite entitling the beneficiary to be paid is that the insured "is and has been for a period of four (4) consecutive months immediately preceding her death and at the time of her death in good standing in the Temple or Tabernacle and in the Endowment Department and that the records of the Endowment Secretary attest the same. * * *"

The policy does not set out the amount of premiums or dues the insured shall pay nor the dates when to be due. It refers to certain rules, edicts, regulations, conditions, and by-laws of the order by which the insured shall be governed, and it is presumed these stipulate with reference to these matters.

Defendant in answer enters general denial of liability under the policy, and specially avers that it operates with ritual and lodge form, is governed by a constitution and by-laws, is a fraternal insurance organization; that each member is required to pay an endowment fee of 50 cents per month, except for the months of January, April, July, and September, for which he or she shall pay 75 cents, same to be paid on or before the 12th of each month, and that failure to do so will deprive the member's beneficiary of the proceeds of the policy; that "on December 12th, 1931, she failed to pay her monthly dues, and on January 12th, 1931, she likewise failed to pay same, and for two months she was delinquent, and under the by-laws, rules and regulations she was suspended." It is averred that the failure in this respect "automatically or ipso facto" suspended the insured from membership.

Defendant further points out in answer the provision of the policy which provides payment of the $300, in event of liability, in three payments of $100 each in three, six, and nine months after proof of death, and pleads prematurity for this reason.

We do not have before us the constitution and by-laws of defendant organization.

The "Financial Book" of the insured, filed in evidence by plaintiff, shows payments to have been made regularly from month to month during the years from 1925 down to and including February, 1931, with very few exceptions. Payments of 50 cents made under column for endowment are shown for the months of December, 1930, and January, 1931, the two months for which the answer avers no payments were made. For February, 1931, it is shown that 75 cents was paid, 25 cents of which is set out in column indicated "Tax" and 50 cents entered in column headed "End.," which presumably indicates endowment. The initials "N. B." are written in column to the right of each of these entries of payments and apparently in the same handwriting. At the heading of this column is printed the word "Secret'y," hence we infer that the payments were made to the secretary of the local tabernacle to which the insured belongs. It is well settled that payment to an officer of such local lodge is equivalent to payment to the parent order. Emanuel v. General Grand Order, etc., 16 La. App. 186, 133 So. 506.

The documentary evidence in the record is strongly indicative that the insured had kept her dues paid up and was therefore a member in good standing in the order at her death. At any rate, the trial judge who heard all the testimony, including the oral testimony of witnesses, not reduced

to writing, concluded such to be the case. In the absence of oral testimony not reduced to writing, or of a statement of facts placed in the record, the presumption is that the judge acted on proper and sufficient evidence in rendering judgment. Rosenthal v. Rosenthal, 117 La. 791, 42 So. 270; Nugent v. Stark and Husband, 34 La. Ann. 631.

The policy, which was filed in evidence by plaintiff, provided that, if the sum awarded amounts to $300, same shall be paid, $100 ninety days after proof of death, $100 six months, and $100 nine months after such proof. The allegation is, and it is to be presumed the court found from the evidence, that proof of death was made fully thirty days prior to the filing of the suit, which was on April 24, 1931. The judgment, therefore, instead of being made payable in a lump sum, should have been payable in accordance with said terms of the policy. However, the full period for payments under the policy has now elapsed, and the only effect this can have is in the interest charges on the amount of the judgment. The judgment calls for interest at 6 per cent. It should have been for only the judicial rate of 5 per cent.

For the reasons assigned, therefore, the judgment appealed from is amended so as to provide that the sum of $300 awarded shall bear interest at the rate of 5 per cent per annum on $100 of said amount from June 24, 1931, until paid, on $100 thereof from September 24, 1931, until paid, and on $100 thereof from December 24, 1931, until paid; and that, as thus amended, the judgment is affirmed. It is further ordered and decreed that plaintiff pay costs of appeal.