## MILLER v. WRENN.

### No. 5203.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Percy E. Brown, of Arcadia, for appellant.

R. D. Watkins, of Minden, for appellee.

DREW, Judge.

Plaintiff herein filed a petition alleging that the defendant was his tenant for the year 1934, of a 120-acre farm located in Webster parish, La., described as the S. E. ¼ of N. E. ¼ of section 22, and the S. ½ of N. W. ¼ of section 23, all in township 20, range 9 west; that defendant's term of lease had expired and formal notice in writing had been served on him in person more than thirty days prior to the termination of said lease and more than thirty days prior to the filing of this suit, notifying him to vacate said premises; that said tenant had failed and refused to comply with said demands and still held possession of the leased premises.

Plaintiff prayed for rule to be served on the defendant to show cause why he should not be evicted from the premises and possession of same delivered to petitioner.

Rule was issued ordering defendant to show cause on January 11, 1935, at 10 o'clock a. m., why he should not be evicted. On January 11, 1935, defendant appeared without counsel and, on suggestion of plaintiff, the rule was continued until January 16, 1935, to allow defendant time to employ counsel. On January 16th, defendant in person made oral application for a continuance, which was granted until January 22, 1935, at which time defendant again appeared in person and announced he was ready for trial, and the trial was proceeded with until the conclusion of the evidence.

The lower court rendered judgment for plaintiff as prayed for. The judgment was signed on January 25, 1935, and an appeal, both suspensive and devolutive, granted defendant and made returnable to this court on February 18, 1935.

It is to be noted that the rule was tried without an answer having been filed by defendant.

The appeal was not perfected, and on February 9, 1935, pursuant to the petition of plaintiff, an order was signed by the judge below ordering the clerk to issue a warrant for the eviction of defendant, which warrant was issued on the same day and served upon the defendant on February 12, 1935. The record does not disclose that anything else was done until September 3, 1935, when defendant by petition asked for a devolutive appeal to this court, which appeal was granted.

 The record is barren of any testimony given on trial of the rule. Defendant saw fit to represent himself, although shown much leniency by the plaintiff in granting two delays in order for him to secure counsel. He filed no answer to the rule and did not request that the note of evidence be taken down and transcribed. Code Practice, art. 601. We are at a loss to know what defense he made to plaintiff's demands.

After he employed counsel and before this appeal was perfected, no statement of facts was secured, nor does the record show or counsel claim that he had attempted to secure a statement of facts. This clearly was his duty, under the circumstances (Code Practice, arts. 602, 603); and in the absence of a statement of facts, the presumption is that the lower court acted upon proper and sufficient evidence in rendering its judgment. American Furn. Co. v. Bishop, 18 La.App. 268, 137 So. 751; Silvie v. International Order of Twelve of Knights & Daughters of Tabor, 19 La.App. 392, 140 So. 97; Cohn Flour & Feed Company v. Mitchell, 18 La.App. 534, 136 So. 782.

There is no error on the face of the record, and the judgment of the lower court is therefore affirmed.