BOLIN, Judge.
The plaintiff instituted this action against defendant for the specific performance of a contract of sale. The basis of the plaintiff’s claim was that he purchased a used automobile from the defendant. on credit; and that after he had fully paid for same, he was not given a certificate of title. After a trial on the merits, judgment was rendered in favor of the plaintiff as prayed for, and the defendant was ordered to deliver Holloway a certificate of title to the automobile within thirty days. In default of such performance, plaintiff was granted a judgment for the total amount of the original purchase price, conditioned upon his return of the vehicle to Willis. From this judgment, the defendant has appealed.
An examination of the record shows the evidence was not reduced to writing, nor were any written and signed narratives of the facts prepared and made a part of the record. In rendering judgment for the plaintiff, the trial judge assigned brief written reasons therefor, in which we find the following:
“The testimony in this case was not taken down and, of course, not transcribed. No briefs have been filed by counsel, counsel presumably depending on the few brief pencil notes made by the trial Judge. The record is very inadequate and incomplete and the testimony itself rather brief and meager.”
LSA-C.C.P., articles 2130 and 2131 generally restate and consolidate the previous provisions of articles 601-603 of the Code of Practice as to the type of record necessary in order to perfect an appeal. Where the evidence has not been reduced to writing, the parties may agree to a narrative of the facts, or, in the absence of such, the trial judge may make such a written narrative which shall be conclusive. None of these provisions have been complied with in the instant case. When the above provisions have not been complied with, the appeal may be considered where the trial judge’s written reasons are sufficiently complete as to state the material facts of the case. Rosen v. Shingleur, (La. App. 1st Cir., 1950) 47 So.2d 141; Penfield v. Sowel (La.App. 2 Cir., 1956) 85 So.2d 347. However, where there is no transcript of testimony and the trial judge’s written opinion is incomplete, we cannot properly consider the appeal and it should be dismissed.
■ For the reasons stated, it is ordered that the appeal herein be dismissed at appellant’s cost.
Appeal dismissed.