WILLIAM F. WOODS, Judge.
The plaintiff, Ross Martin, sued'the defendant, Vapor Honing Company, Inc., a Texas Corporation duly authorized to do business in the State of Louisiana, for the sum of $1,754.69; together with legal interest thereon from the date of January 17, 1959, on an open account for gasoline, oil and filling station services.
Personal service was made on the defendant’s duly registered agent on February 15, 1960, a preliminary default was taken on February 26, 1960, which was confirmed on March 7, 1960, but not signed by the court. On March 9, 1960, the defendant filed a rule to show cause why: (a) the preliminary default should not be set aside; (b) the confirmation of the default should not be set aside; and (c) a new trial should not he granted.
On July 5, 1961, the trial court overruled the defendant’s' rule to show cause and signed the default judgment previously confirmed on March 7, 1960.
No suspensive appeal having been perfected, the plaintiff collected his judgment by garnishment on a third party, whereupon the defendant perfected this devolutive appeal now before this court.
The defendant now claims the preliminary default was not properly taken because (a) it was not requested by counsel for the plaintiff in open court; (b) on the same morning of February 26, 1960, when the preliminary default was entered, counsel for the defendant filed a motion for a bond for costs, which was pending at the time the default was entered.
The record is completely devoid of any evidence to support either of the de *624 fendant’s contentions. The minutes of the trial court show the preliminary default was regularly entered and, in the absence of any proof to the contrary, it was legally done. One who alleges an impropriety on the part of a court has the burden of proving it.
The defendant also claims the confirmation of the default should be set aside because counsel filed an answer at about 3:45 in the afternoon on the same date of March 7, 1960, when the default had been confirmed that morning. In support of this argument, counsel cites Code of Practice Article 314:
“Defendant filing answer on or before day set for definitive judgment— Effect. — If the defendant, on the very day when a definitive judgment by default was to have been rendered against him, appear and file his answer, the first judgment taken shall be set aside.”
Obviously Code of Practice Article 314 has reference to a preliminary default and this issue is settled by Code of Practice Article 317, which says:
“Answer before confirmation of judgment sufficient. — It shall be sufficient in all cases for a defendant to file his answer at any time before the confirmation of a judgment taken by default against him.”
See Taney v. Meilleur, 35 La.Ann. 117.
The defendant argues the trial judge was in error in refusing to require the plaintiff to furnish a bond for costs. The record shows the court below dismissed the defendant’s motion for a bond for costs, as of a nonsuit, with leave of court to refile it after the defendant’s answer had been filed. This is a matter which addresses itself to the discretion of the trial judge, and we find no manifest error in his actions in this case.
Counsel for the defendant also claims the procedure followed by the plaintiff in the trial court was in violation of the rules of the Civil District Courts in the Parish of Orleans. The trial court did not think so and we have no power to upset his findings in the absence of any such rules being made a part of this record.
The defendant’s final complaint is that the trial court was in error in granting the plaintiff a judgment on the basis of the evidence submitted on the confirmation of default and in allowing the plaintiff interest on his claim from January 17, 1959, instead of from the date of judicial demand.
The testimony taken on the confirmation of default was not reported nor transcribed, and it is well settled that a recital in a default judgment that the law and the evidence is in favor of the plaintiff is tantamount to a recital that proof of the correctness of plaintiff’s demands has been adduced. Martin v. District Grand Lodge, No. 21, La.App., 146 So. 793; W. T. Rawleigh Co. v. Freeland et al., La.App., 16 So.2d 489.
When a default judgment recites that plaintiff has made due proof of his claim, it is presumed that sufficient evidence was adduced in the trial court even though the record does not contain a note of evidence. Brown v. Brown, La.App., 196 So. 661; Majors v. Louisiana Central Oak Flooring Corp., La.App., 16 So.2d 491; A. J. Hodges Industries v. Fobbs, La.App., 39 So.2d 91.
C. P. Article 554:
“Interest at the rate of five per cent shall be allowed on all debts from the time they become due, unless otherwise stipulated.”
Therefore, the judgment of the lower court is affirmed. The defendant is to pay all costs of these proceedings.