LANDRY, Judge.
Plaintiff brings this action for deficiency judgment in its favor predicated upon a certain promissory note executed, by defendant and secured by chattel mortgage on a motor vehicle. Alleging the note to be in default and that plaintiff had caused the mortgaged vehicle to be seized and sold subject to appraisement in the Nineteenth Judicial District Court, East Baton Rouge Parish, plaintiff prayed for judgment for the unrealized balance together with interest, attorney’s fees and costs as provided for in the note.
It is conceded defendant was personally served in the instant matter but failed to answer or file any pleadings whatsoever. After all legal delays, judgment was entered in favor of plaintiff by default and in due course confirmed. When execution of the present judgment was attempted by garnishment proceedings, defendant retained counsel and timely perfected this devolutive appeal in forma pauperis.
*760 The sole basis for defendant’s appeal is set forth in the Specification of Error contained in appellant’s brief, as follows:
“SPECIFICATION OF ERROR
“The District Court erred in confirming the default judgment in that adequate proof of the allegations of the plaintiff’s petition was not made.”
Appellant maintains one of the essential allegations of plaintiff’s petition is the assertion that the mortgaged property was seized and sold under executory process, with appraisement, in an adjoining judicial district. According to appellant the allegation in question is necessarily indispensable in that it constitutes the predicate of ap-pellee’s claim for deficiency judgment under the well established jurisprudence of this state.
The gravamen of appellant’s position is that no evidence was offered in the trial court to prove the aforesaid essential allegation because the allegation is contrary to the actual facts. In referring to appel-lee’s alleged failure to adduce proof of the sale of the mortgaged vehicle upon confirmation of the preliminary default appellant states:
“It offered no proof of this fact, for the very good reason that the mortgaged property was not so sold. In truth and in fact, through error, an entirely different motor vehicle, owned by the same defendant, was seized and sold unlawfully. The proof offered was of the seizure and sale of the second vehicle.”
It is settled jurisprudence that a plaintiff who seeks judgment by default must establish the essential allegations of his demand as fully as though they had been expressly denied. Pepe v. Tournage, La.App., 128 So.2d 56.
There is nothing in the record to show an absence of proof of the essential allegations of plaintiff’s demand. On the contrary, the judgment of the trial court rendered upon confirmation of the default recites its rendition is predicated “ * * *■ on producing due proof in support of plaintiff’s demands, the law and the evidence being in favor of plaintiff * * * ”
The basic issue presented for resolution is the adequacy of the record quoad the proof of plaintiff’s claim where no note of evidence was made in the trial court.
The testimony adduced during a trial is not reduced to writing unless it is. so requested by one of the litigants involved. LSA-C.C.P. Article 2130; Rosenthal v. Rosenthal, 117 La. 786, 42 So. 270; Cohn Flour & Feed Co. v. Mitchell, 18 La.App. 534, 136 So. 782. When appeal is taken from an adverse judgment and the testimony of the witnesses has not been taken during trial, it is the duty of appellant to request his opponent to join in an agreed statement of facts. In the event of said other party’s disagreement or refusal to join in an agreed statement of facts, it is incumbent upon appellant, prior to lodging of the appeal, to request the trial judge to make a written narrative of the facts which narrative shall be conclusive upon the parties. Article 2131 LSA-C.C.P., Nugent v. Stark and Husband, 34 La.Ann. 628; Cohn Flour and Feed Co. v. Mitchell, supra, Gauthier v. Williams, La.App., 146 So.2d 65.
It is well settled that when there is no transcript of evidence, no agreed narrative of facts signed by the parties, and no narrative of facts written by the trial judge, an appeal may be considered where the trial judge’s written reasons are sufficiently complete as to state the material facts of the case. Rosen v. Shingleur, La.App., 47 So.2d 141; Penfield v. Sowel, La.App., 85 So.2d 347; Holloway v. Willis, La.App., 134 So.2d 79. Otherwise there is nothing for the court to review on appeal. Wallace v. Pelican Industrial Life Ins. Co., 18 La.App. 442, 138 So. 439; Martin v. Alessi, La. *761 App., 121 So.2d 327; Holloway v. Willis, supra.
It is equally well established that a recital in a default judgment that the law and the evidence is in favor of plaintiff is ■equivalent to a recital that proof of the correctness of plaintiff’s demands has been adduced. Martin v. District Grand Lodge No. 21, La.App., 146 So. 793; W. T. Rawleigh Co. v. Freeland, et al., La.App., 16 So.2d 489; Martin v. Vapor Honing Company, La.App., 144 So.2d 622.
Also appropos the case at bar is the settled rule that when a judgment recites plaintiff has made due proof of his claim, it is presumed sufficient evidence was adduced in the trial court even though the record does not contain a note of evidence. Brown v. Brown, La.App., 196 So. 661; Goldman v. Thomson, 3 La.App. 469; Martin v. District Grand Lodge No. 21, supra.
Had a proper motion been filed herein we would be compelled to dismiss the instant appeal. Succession of LaPene v. Lagraize, 227 La. 987, 81 So.2d 369; Gauthier v. Williams, 146 So.2d 65; Holloway v. Willis, 134 So.2d 79; Miller v. Rollins, La.App., 111 So.2d 146; American Adjustment Co., Inc. v. Batiste, La.App., 79 So.2d 337.
In the instant case it is not contended appellee has declined to join in an agreed statement of facts or disagreed with appellant’s version thereof. Under such circumstances appellant is not entitled to a remand to the trial court. Gauthier v. Williams, 146 So.2d 65.
While it may well be that appellant is entitled to the relief afforded by a direct action to nullify the judgment in question, considering the state of the record on the present appeal, the judgment appealed from must be affirmed. Martin v. Vapor Honing Company, 144 So.2d 622; Cohn Flour & Seed Co. v. Mitchell, 136 So. 782.
Affirmed.