HOOD, Judge.
In this action plaintiff, John L. Scalfano, seeks to obtain a judicial review of a decision rendered by the Board of Review, Division of Employment Security of the Louisiana Department of Labor, denying his application for unemployment compensation benefits under the provisions of the Louisiana Employment Security Law (LSA-R.S. 23:1471 et seq.). The suit was filed in the Ninth Judicial District Court, and it was instituted against the Administrator of the Division of Employment Security. The trial court sustained an exception of peremption which was filed by defendant, and judgment was rendered dismissing plaintiff’s suit. Plaintiff has appealed.
During most of the year 1964 plaintiff was employed by Ramada Inn Motel in Alexandria. He quit his job on November 14, 1964, and he applied for unemployment compensation benefits two days later. The local agency in Alexandria denied his application for benefits on November 25, and he timely appealed that decision to the Appeals Referee. The Referee affirmed the agency’s. determination, and notice of the decision of the Referee was mailed to plaintiff on December 22, 1964. Plaintiff thereupon timely appealed to the Board of Review. The Board of Review affirmed the decision of the Referee, and notice of the decision of the Board of Review was mailed to plaintiff on January 22, 1965. Plaintiff instituted these proceedings, seeking a judicial review of the Board’s deci *399 sion under LSA-R.S. 23:1634, on February 3, 1965, or twelve days after notice of the decision of the Board of Review had been mailed to him.
The defendant filed an exception of per-emption, contending that the decision of the Board of Review has become final and that plaintiff’s right to apply for judicial review of that decision has been perempted •or lost by his failure to institute this proceeding within ten days after notice of the Board’s decision was mailed to him, all as provided in LSA-R.S. 23:1630. The trial judge concluded that plaintiff’s application for judicial review had not been timely ■filed, and the exception of peremption was maintained.
The pertinent portions of LSA-R.S. 23 :- 1630 provide:
“ * * * The board of review shall promptly notify the parties of its decision, including its findings and conclusions in support thereof, and such decision shall be final unless within den days after the mailing of notice -.thereof to the party’s last known address, * * * a proceeding for judicial review is initiated pursuant to ,RS. 23:1634. * * *” (LSA-R.S. .23:1630) (emphasis added)
/LSA-R.S. 23:1634 provides, in part, that:
“Within the time specified in RS. .23:1630, the administrator, or any party ■to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, * * (emphasis added)
In this case all parties agree that notice . of the Board’s decision was mailed to plaintiff at his correct address on Friday, January 22, 1965. The notice contained the : following statement:
“This decision becomes final unless an appeal is filed with the district court in the parish where the claimant resides, or last resided, within ten (10) days after the mailing date as shown on this decision.”
The ten-day period allowed in the first quoted section of the Revised Statutes for seeking judicial review of the Board’s decision elapsed on February 1, 1965. Since this proceeding was not instituted until February 3, or two days after that ten-day period elapsed, it appears from the clear language of the statute that the right which plaintiff had to obtain a judicial review of the board’s decision has been lost by peremption.
Plaintiff argues, however, that since notice of the Board’s decision was mailed on Friday, and the next two days were legal holidays, the ten-day period allowed for applying for judicial review of that decision should not begin to run until Monday, January 25. He contends that this action was instituted on the tenth day after January 25, and thus it was filed within the ten-day period allowed by LSA-R.S. 23:1630. He relies on Sweet v. Brown, La.App. 3 Cir., 125 So.2d 261, and Brown v. Courville, La.App. 3 Cir., 155 So.2d 292, as authority for that decision.
In our opinion, neither of the cited cases supports plaintiff’s position. In Sweet v. Brown, supra, we affirmed the trial court’s judgment maintaining defendant’s exception of peremption, where the claimant’s appeal from an agency determination did not reach the office of the Division of Employment Security until one day after the seven-day period (now ten days) allowed by statute for filing such an appeal had elapsed. In Brown v. Courville, supra, we determined that the inter-agency appeal of the claimant had been filed within ten days and thus that the claimant had appealed timely. We also observed in that opinion that since the last day of the ten-day delay fell on a Saturday, which was a legal holiday, the claimant had until the following *400 Monday within which to file his appeal. The rulings in the Courville case have no application to the instant suit, however, because here the application for judicial review was not filed within the ten-day period allowed for that purpose, and the last day of that ten-day period did not fall on a legal holiday.
The issues presented in Jones v. Brown, La.App. 3 Cir., 124 So.2d 349, were almost identical with those presented here, and they were resolved contrary to the position taken by plaintiff in this suit. In that case notice of the decision of the Board of Review was mailed to the claimant on Friday, December 11, 1959. The ten-day period allowed for applying for a judicial review of that decision expired on Monday, December 21. Plaintiff instituted suit in the district court for judicial review of the Board’s decision on Tuesday, December 22. In that case, as in the instant suit, therefore, the notice of the appeal was mailed on Friday, the next two days were legal holidays, and the last day of the ten-day period fell on a Monday, which was not a legal holiday. Under those circumstances, we held that the claimant’s application for judicial review had not been timely filed, and we affirmed the judgment of the district court maintaining defendant’s plea of peremption. See also: Austin v. Administrator, Division of Employment Security, Department of Labor, La.App. 1 Cir., 158 So.2d 74; and Delta Air Lines, Inc. v. Brown, La.App. Orl., 115 So.2d 903.
In the instant suit we conclude that plaintiff failed to apply for a judicial review of the decision of the Board of Review within the ten-day period allowed by LSA-R.S. 23:1630, and for that reason the trial court correctly maintained the exception of peremption filed by defendant.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.