HOOD, Judge.
The defendants, Jerry Phillips and Mrs. Margarette Phillips, appealed from a default judgment which was rendered against them. The plaintiff-appellee filed a motion in this court to dismiss the appeal, based on allegations that the appeal was not timely taken. The matter is before us on that motion to dismiss.
The suit is for a money judgment, based on a promissory note. Citation was served on Mrs. Phillips by personal service, and it was served on Mr. Phillips by domiciliary service. Neither of the defendants filed exceptions or an answer, and a default judgment was rendered against them on November 7, 1966. Notice of the judgment was served on Mr. Phillips by the sheriff on November 8, 1966.
Neither of the defendants applied for a new trial. On February 13, 1967, however, they filed a joint petition for a devolutive appeal, praying in that petition that they be permitted to appeal in forma pauperis. An order granting a devolutive appeal, without the payment of costs or the furnishing of security, was signed by the trial judge on the same day. Shortly after the record was lodged in this court plaintiff filed the motion to dismiss the appeal which is before us at this time.
LSA-C.C.P. art. 1913 provides that notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff. There is no re *834 quirement that notice of such a judgment he served on a defendant upon whom citation was served personally.
LSA-C.C.P. art. 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays. When notice of the judgment is required by Article 1913, this three day delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, that notice. When a notice of judgment is not required, the three day delay commences to run the day after the judgment is signed.
Article 2087 of the Code of Civil Procedure provides that a devolutive appeal may be taken, and the security therefor furnished, within ninety days of “[tjhe expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely”.
In the instant suit, since citation had been served on Mrs. Phillips by personal service, it was not necessary that she be served with notice of the default judgment which was rendered against her later. The three day delay allowed to her for applying for a new trial began to run on November 8, that being the day after the judgment was signed. The last day on which she could have applied for a new trial was on Thursday, November 10, 1966. Since no motion for a new trial was filed, the 90 day delay for taking a devolutive appeal, as provided in LSA-C.C.P. art. 2087, began to run on November 11, 1966. The fact that November 11 was a legal holiday does not prevent this 90 day delay from beginning to run on that day. LSA-C.C.P. art. 5059; Scalfano v. Doyal, 177 So.2d 398 (La.App.3d Cir. 1965). The last day on which she could have taken a devolutive appeal was on Wednesday, February 8, 1967. The motion for an appeal was not filed by defendants until February 13, 1967, or five days after the delays for taking such an appeal had lapsed. Plaintiff’s motion to dismiss the appeal taken by Mrs. Margarette Phillips, therefore, must be granted insofar as it is directed toward that appellant.
We turn now to a consideration of the appeal taken by Mr. Phillips. Since he was not served personally with citation and notice of the judgment was not served on him until November 8, the three day delay for applying for a new trial, as authorized by LSA-C.C.P. art. 1974, began to run as to him on November 9, 1966, that being the day after notice of the judgment was served on him by the sheriff. The last day on which Mr. Phillips ordinarily would have been able to apply for a new trial was on November 11, 1966. That was a legal holiday, however, and the next two days also were legal holidays, being a Saturday and a Sunday. After excluding these holidays, therefore, it is clear that the last day on which Mr. Phillips could have applied for a new trial was on Monday, November 14, 1966. LSA-C.C.P. arts. 1974 and 5059.
The 90 day delay for taking a devol-utive appeal as provided in LSA-C.C.P. art. 2087 began to run as to Mr. Phillips on Tuesday, November 15, 1966, and according to our computation the last day on which he ordinarily could have appealed was on February 12, 1967. This last mentioned date fell on a Sunday, however, so Mr. Phillips had until the end of the next day, February 13, within which to take a devolutive appeal. LSA-C.C.P. art. 5059. The appeal in the instant suit was granted on February 13, 1967, and since the appeal was in forma pauperis it was perfected ipso facto by the order of the District Judge granting it. Townsend v. Graham, 124 So.2d 405 (La.App.3d Cir. 1960). Insofar as Mr. Phillips is concerned, therefore, the appeal was taken timely. We conclude that the motion to dismiss the appeal must be denied insofar as it is directed at the appeal taken by Mr. Phillips.
For the reasons herein assigned, the motion to dismiss the appeal is granted insofar as it relates to the appeal taken by Mrs. Margarette Phillips, and the appeal taken *835 by Mrs. Phillips is hereby dismissed. The motion to dismiss the appeal is denied insofar as it relates to the appeal taken by defendant, Jerry Phillips.
Motion to dismiss granted in part and denied in part.