TATE, Judge.
The defendant husband appeals from default judgment obtained against him and his wife by the plaintiff finance company (Midland). We have previously dismissed the wife’s appeal as not timely taken. 196 *392 So.2d 832, 833. (The defendants did not retain counsel until several months after the trial court judgment.)
The defendant-appellant, a maker of a promissory note sued upon, contends that the judgment on the note should be set aside and the case remanded for parol evidence to explain an inconsistent term reflected by the note.
The promissory note is in the amount of $1,344. It is payable in 24 monthly instal-ments of $56 each. Interest of 8% per annum is payable upon maturity. The note contains an acceleration clause by which, at the option of the holder, the entire unpaid balance becomes due upon default in the payment of any monthly instalment.
The pleadings reflect that, by the judicial demand, the plaintiff holder exercised its option to demand the full unpaid amount of $1,199 with interest at 8% from the date of judicial demand (September 1, 1965), the accelerated date of maturity. The allegations show the maker had failed to make any payments on the note for several months. Default judgment was confirmed in the amount demanded.
The defendant Phillips suggests that the judgment is “irregular” because the promissory note sued upon shows that the final of the 24 monthly instalments was due on S/20/65, although the date of the note itself is some five days later (5/25/65. We cannot see how the alleged ambiguity (resulting from the obvious clerical error of showing the final instalment to be due on 5/20/65 instead of 5/20/67) could possibly affect the defendant maker’s liability for the full unpaid balance and for interest from the date of accelerated maturity (September 1, 1965). The correctness of the judgment in this amount is not affected by the note’s error in dating complained of.
The judgment recites that due proof was produced in support of the plaintiff Midland’s demand when the default was confirmed in open court. No procedural or other defect is reflected by the record.
We therefore affirm the judgment. A default judgment is presumed to have been rendered upon the necessary evidence and in accordance with law unless the record shows the contrary, even though there is no note of evidence or (in lieu) no formal narrative of facts. First Nat. Bank of Arcadia v. Sam M. Richardson & Co., 163 La. 15, 111 So. 475; Associates Discount Corp. v. Downs, La.App. 1 Cir., 162 So.2d 758, 8 A.L.R.3d 1066; King v. Calhoun, La.App. 2 Cir., 107 So.2d 535.
The costs of the appeal are to be paid by the defendant-appellant.
Affirmed.