SAMUEL, Judge.
This is a suit for $702.44, allegedly the balance due and owing on purchases made by the defendant from the plaintiff on an open account. Defendant filed an answer in the form of a general denial. After trial there was judgment in favor of plaintiff in the sum of $351.22. Plaintiff has appealed therefrom.
The record before us does not contain reasons for judgment assigned by the trial judge, nor does it contain a transcript of any testimony adduced at the trial or a written narrative of the facts. It does contain an itemized statement of the account, copies of invoices and copies of ledger records, all introduced in evidence by plaintiff. It also contains an excerpt from a minute entry stating that plaintiff called a Mr. Sam H. Burgdahl, Jr., as a witness. In this court counsel for plaintiff informs us, and defendant does not deny, that the defendant presented no evidence of any kind at the trial and that Mr. Burgdahl, who was plaintiff’s general credit manager, was the only witness who testified.
Counsel for plaintiff contends the judgment should be for the amount demanded since that amount is established by the itemized statement of account and the copies of invoices and ledger records in evidence. He argues that, because no evidence was offered by the defendant, the trial can be likened to a confirmation of default in a suit on an open account in which, under the provisions of LSA-C.C.P. Art. 1702, a mere affidavit of the correctness of the account constitutes prima facie proof sufficient to support a judgment. The contention is not tenable.
There is a strong presumption that a trial court judgment is valid and that the trial judge acted upon proper evidence sufficient to serve as a basis for the judgment rendered. Stout v. Henderson, 157 La. 169, 102 So. 193; Ansley v. Stuart, 123 La. 330, 48 So. 953; Succession of Pilcher, 39 La. Ann. 362, 1 So. 929; Ryan v. Barthelmy, La.App., 32 So.2d 467; W. T. Rawleigh Co. v. Freeland, La.App., 16 So.2d 489; Miller v. Wrenn, La.App., 166 So. 883; Cohn *365 Flour & Feed Co. v. Mitchell, 18 La.App. 534, 136 So. 782; Wallace v. Pelican Industrial Life Ins. Co., 18 La.App. 442, 138 So. 439; Donaldson v. Sheridan, 11 La. App. 498, 124 So. 193. And it is incumbent upon the appellant to point out error in the judgment of the lower court. Succession of Bailey, 232 La. 824, 95 So.2d 326; Delpit v. Delpit, 232 La. 539, 94 So.2d 660; Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Rex Finance Company v. Morehead, La.App., 124 So.2d 776; Alice v. Woods, La.App., 124 So.2d 770.
In the instant case plaintiff could have caused the testimony to be taken down in writing under LSA-C.C.P. Art. 2130 or in accordance with the practice of the District Court for the Parish of St. Bernard. Our understanding is that there is no regular court reporter for the St. Bernard Parish District Court; if a party desires that a stenographer be present at the trial he must make his own arrangements therefor or notify the clerk who will make arrangements for him; and LSA-C.C.P. Art. 2130 provides, inter alia: “A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. * * * ”
In any event, under LSA-C.C.P. Art. 2131, when the testimony of the witnesses has not been taken down in writing it is incumbent upon the appellant to request the other party or parties to join with him in a narrative of the facts; and in case of disagreement as to the narrative or of refusal to join in it, a written narrative shall be made by the judge. The record does not show, and there is no claim, that plaintiff took any action under Article 2131, which reads as follows:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.” (Emphasis ours).
Here the correctness of the judgment appealed from depends on the testimony of the sole witness who appeared at the trial. As that testimony is not before us, and as the record contains no evidence otherwise justifying any change in the judgment, we must and do presume that such testimony was sufficient to support the judgment as rendered.
The judgment appealed from is affirmed. Affirmed.