# Staunton.

## BIG SANDY AND CUMBERLAND RAILROAD COMPANY v. BALL.

### September 21, 1922.

1. CONTINUANCES—*Absence of Counsel—Case at Bar.*—In the instant case no evidence was offered to sustain the motion of defendant for a continuance on the ground of the absence of counsel who had charge of the case for defendant since its inception and who was alleged to have in his possession records and documents necessary for the defendant. It did not appear in any way how, if at all, defendant was prejudiced by the overruling of the motion for a continuance. Defendant appeared to have been represented at the trial by able counsel, who presented its defense fully, and the testimony failed to disclose the existence of any records and documents not available to such counsel.

   *Held:* That the trial court committed no error disclosed by the record in refusing the continuance.

2. CONTINUANCES—*Discretion of Court—What Must be Shown in Order to Justify a Reversal.*—The granting and refusing of a continuance is always addressed to the sound discretion of the trial court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion, and that injury resulted to the party complaining from the abuse.

3. CARRIERS—*Connecting Carriers—Through Bill of Lading.*—Where a bill of lading gives the point of receipt of goods to be carried and the point of destination, it shows on its face that it is a through bill, and the designation of the connecting carrier does not affect the character of the bill of lading as a through bill.

4. PLEADING—*Torts—General Issue of Not Guilty.*—Where the action was in tort, trespass on the case, and the general issue was not guilty, the defendant is not at all confined to a denial of the case made by the plaintiff's declaration, and the defendant is permitted not only to test the truth of the declaration, but (with a few exceptions such as the act of limitations and one or two others) to prove any matter of defense that tends to show that the plaintiff has no right of action, though such matter be in avoidance of the declaration, as for example a release given, or satisfaction made.

5. PLEADING—*General Issue—Failure to State Grounds of Defense—Section 6091 of the Code of 1919.*—If a defendant pleads the general issue, but fails or refuses to state his grounds of defense, when called

for, he may, nevertheless, offer evidence to disprove the case sought to be proved by the plaintiff. Section 6091 of the Code of 1919 was not intended to deprive the defendant of this right. His evidence, however, will be restricted to the point covered by his bill, to-wit: a denial of what the plaintiff would be obliged to prove in order to maintain his action, and does not extend to matters of confession and avoidance.

6. Carriers of Goods—*Action for Failure to Deliver—Grounds of Defense—Prima Facie Case—Case at Bar.*—In the instant case, an action by a shipper for failure to deliver, no bill of particulars was filed, giving the plaintiff the grounds of the defense for which he had asked and to which he was entitled. Plaintiff proved a delivery of the goods to the defendant to be carried, and an acceptance of such delivery and a failure to deliver in a reasonable time, thus making out a *prima facie* case and casting upon defendant the burden to relieve itself of liability. This defendant could only do by matter in confession and avoidance which was not admissible in the absence of a bill of particulars.

7. Carriers of Goods—*Action for Failure to Deliver—Grounds of Defense—Notice of Claim—Case at Bar.*—In the instant case, an action by a shipper for failure to deliver, defendant pleaded the general issue of not guilty and plaintiff asked and the court required defendant to state its grounds of defense, but no grounds were ever stated. The bill of lading required that claims should be made in writing to the carrier at the point of delivery, or at the point of origin within four months, after a reasonable time for delivery had elapsed.

   *Held:* That, under the pleadings, a letter written by plaintiff to defendant at its general office would be deemed to be a sufficient notice under the bill of lading, and a failure to file the grounds of defense as a waiver of any other notice.

8. Appeal and Error—*Conflicting Instructions—Invited Error.*—Where the giving of an instruction was error into which defendant led the trial court, and of which therefore it cannot complain, the fact that such instruction is in conflict with an instruction given for the plaintiff is not ground for reversal.

9. Appeal and Error—*Invited Error—Erroneous Instruction.*—A verdict which is correct will not be set aside simply because it is in conflict with an erroneous instruction given at the instance of the party complaining.

Error to a judgment of the Circuit Court of Buchanan county, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Greever, Gillespie & Divine* and *Williams & Combs,* for the plaintiff in error.

*S. H. & Geo. C. Sutherland,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action of trespass on the case in which Ball, the defendant in error, recovered against the plaintiff in error a judgment for $480, for loss of a barrel of furs. The evidence in the case is brief and is as follows:

"G. W. Ball, the plaintiff, who stated that he shipped the barrel of fur by freight from Grundy, Virginia, on February 15, 1918, consigned to himself at Raven, Virginia, as shown by bill of lading introduced in the case, and that said shipment went by freight over the defendant company's railroad to its terminus at Devon, in the State of West Virginia, and that he instructed said defendant company to send said barrel of fur from its terminus at Devon, West Virgina, by express to him at Raven, Virginia, over the Norfolk and Western Railroad, which is the only railroad which runs from Devon to Raven; that he had made several other shipments the same way over the same route.

"The plaintiff introduced in evidence by this witness the original bill of lading, given him by the defendant company, which is as follows:

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"The witness stated that he had paid $379.75 for said barrel of fur, but that it was worth $480.00.

"This plaintiff also stated that he had called for said

barrel of fur at different times at the point of desti-
nation at Raven, Virginia, and that he had called for
it and made claim within ten days of the date of ship-
ment, but that it had not been delivered.

"After witness had left the witness stand in response
to a question as to whether written notice was given
of the loss of the barrel of fur he replied that he had
by written letter notified the defendant company at
its general office, of his loss, at Columbus, Ohio. The
witness had left the witness chair when the last ques-
tion was propounded, but was in the bar in the presence
of the court and jury.

"And the defendant, to prove and maintain the issue
on its part, offered the following evidence, to-wit:

"The waybill showing the shipment by freight from
Grundy, Virginia, to Devon, West Virginia, of the
barrel of fur weighing 100 pounds at the rate of seventy
cents; and also a copy of bill showing a delivery of
said shipment on February 16, 1918, to the Southern
Express Company by the defendant company at Devon,
West Virginia, operating over the Norfolk and Western
Railroad."

The bill of lading referred to by the plaintiff in his
testimony shows the receipt by the railroad company of
one barrel of furs of G. W. Ball, at Grundy, Va., con-
signed to G. W. Ball, at Raven, Va., "route express from
Devon, West, Va.," to be carried "to its usual place
of delivery at said destination, if on its road, otherwise
to deliver to another carrier on the route to said desti-
nation." The bill of lading was subject to the con-
ditions printed thereon, amongst which was, "except
in cases, where the loss, damage or injury complained of
is due to delay or damage while being loaded or un-
loaded, or damaged in transit by carelessness or negli-
gence, claims must be made in writing to the carrier

at the point of delivery, or at the point of origin within four months, after a reasonable time for delivery has elapsed." When the case was called for trial, the defendant railroad company moved for a continuance on the ground that its attorney, who lived in another county, "and the only attorney who had had charge of this case for the defendant since it was instituted until the present term when Williams and Combs appeard, had been unexpectedly called away about the beginning of this term of court, but some days before the calling of this case, on account of the sudden illness of his wife's uncle, who lives in Smyth county, Virginia, and his files contained the correspondence concerning this case, with the general office of the defendant company at Columbus, Ohio, including some records and documents that were necessary for the defendant to have and introduce in evidence in this case, and that the defendant could not go to trial without these records and documents. Plaintiff objected to a continuance, and asked a trial, because Mr. Greever was absent at a previous term of court, and the case was continued on account of his absence." But the court overruled the motion and forced the defendant into trial. The defendant pleaded the general issue, "not guilty," and the plaintiff asked that defendant be required to state the grounds of its defense, and the court so ordered, but no ground was ever stated.

[1] The first ground of error assigned is the refusal of the trial court to grant the defendant's motion for a continuance. No evidence was offered to sustain the motion, and it does not appear in any way how, if at all, the defendant was prejudiced by the ruling of the court. It appears to have been represented at the trial by able counsel, who presented its defense fully, and the testimony fails to disclose the existence

of any "records and documents" not available to such counsel. The trial court committed no error disclosed by the record in refusing the continuance. As said in *Va. Iron, Coal & Coke Co.* v. *Kiser*, 105 Va. 695, 54 S. E. 889:

[2] "It has been often repeated by this court and is the established rule everywhere that the granting and refusing of a continuance is always addressed to the sound discretion of the trial court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion, and that injury resulted to the party complaining from the abuse.

"The defendant company has not pointed out in its petition for this writ of error, nor is there disclosed in the record, any mismanagement or mistake by the learned counsel who conducted the trial for the defense in the court below, or any injury that resulted to it by reason of the absence of Mr. Cabell, therefore there is no ground whatever upon which to rest this assignment of error." See, also, *Thompson's Case*, 131 Va. 847, 109 S. E. 447.

[3] The next error assigned is the refusal of the trial court to give defendant's instructions numbered 1 and 2. Both of these instructions are founded upon the theory that, because the plaintiff had designated the connecting carrier, to-wit, by express from Devon, West Va., to Raven, Va., there was no through bill of lading and that when the railroad company delivered the furs to the express company at Devon, it had fulfilled its obligation; that the bill of lading was only evidence of a contract to carry from Grundy, Va., to Devon, West Va., and that after reaching the latter point it was acting as agent for the shipper in making the delivery to the express company. The bill of

lading, on its face, shows that it is a through bill, giving the point of receipt as Grundy, Va., and the point of destination as Raven, Va.   That the designation of the connecting carrier, under facts similar to those here existing, does not affect the character of the bill of lading as a through bill was distinctly held in *Norfolk & W. R. Co.* v. *Dixie Tobacco Co.*, 228 U. S. 593, 33 Sup. Ct. 609, 57 L. Ed. 980.   There was no error, therefore, in refusing the defendant's instructions 1 and 2.

The giving of the plaintiff's instruction No. 4 is assigned as error.   That instruction was as follows:

"The court instructs the jury that, if they believe from the evidence in this case, by a preponderance thereof, the defendant at Grundy, Virginia, received the goods described in the declaration in this case, and accepted the same for transportation and delivery as a common carrier to be delivered to the plaintiff at Raven, Virginia, and that the defendant was notified of the nondelivery thereof, by the plaintiff, and made claim therefor, within four months' time after nondelivery thereof, then you will find for the plaintiff, and assess his damages at the value of the goods so delivered to it at the time of the delivery of the same, together with interest on said amount from the date of delivery to it."

The objection to this instruction is that it did not inform the jury that the "claim must be made *in writing* to the carrier at the point of delivery, or at the point of origin within four months," as required by the bill of lading; that this was a condition precedent to the right of the plaintiff to recover.

[4] The action was in tort, trespass on the case, and the general issue was "not guilty," under which the defendant is "not at all confined to a denial of the

case made by the plaintiff's declaration, and a defendant is permitted not only to test the truth of the declaration, but (with a few exceptions such as the act of limitations and one or two others) to prove any matter of defense that tends to show that the plaintiff has no right of action, though such matter be in avoidance of the declaration, as, for example, a release given, or satisfaction made." Burks Pl. & Pr. (2d ed.), sec. 125, p. 194.

In order to meet cases of this kind, and to give the plaintiff more definite information of what defenses the defendant intends to rely on, sec. 6091 of the Code was enacted, declaring:

"In any action or motion the court may order a statement to be filed of the particulars of the claim or of the ground of defense; and if the party fail to comply with such order, may, when the case is tried or heard, exclude evidence of any matter not described in the notice, declaration or other pleading of such party so plainly as to give the adverse party notice of its character."

[5] In Burks' Pl. & Pr. (2d. ed.), sec. 305, it is said: "If a defendant pleads the general issue, but fails or refuses to state his grounds of defense, when called for, he may, nevertheless, offer evidence to disprove the case sought to be proved by the plaintiff. Section 6091 of the Code was not intended to deprive the defendant of this right. His evidence, however, will be restricted to the point covered by his bill, to-wit: a denial of what the plaintiff would be obliged to prove in order to maintain his action, and does not extend to matters of confession and avoidance."

[6, 7] No bill of particulars was filed in the case at bar, giving the plaintiff the grounds of the defense to which he was entitled. When the plaintiff proved a delivery of the furs to the defendant to be carried as

aforesaid, an acceptance of such delivery and a failure to deliver in a reasonable time, he made out a *prima facie* case. This is expressly so provided as to intrastate shipments by section 3926 of the Code, and the same principle applies to an interstate shipment where there is a failure to file a bill of particulars when so required. The burden was then cast upon the defendant to relieve itself of liability. This it could only do by matter in confession and avoidance which was not admissible in the absence of a bill of particulars. Had a bill of particulars been filed claiming the insufficiency of the notice of loss of the furs, the plaintiff might have been able to show that the claim made by him "within ten days of the date of shipment" was accepted by the defendant as a compliance with the bill of lading, or that formal notice in writing was waived, or some other matter relieving the plaintiff from compliance with the bill of lading. The defendant could not, by refusing to file a bill of particulars, deprive the plaintiff of the information to which the statute entitled him, nor could it lull him into security by apparently relying upon a different defense and, after the evidence was closed, rely upon the ground of the insufficiency of the notice of loss. Under the pleadings in this case, the letter written by the plaintiff to the defendant at its general office, at Columbus, Ohio, will be deemed to be a sufficient notice under the bill of lading, and a failure to file a bill of particulars, as a waiver of any other notice. On this point we rest our conclusion on section 6091 of the Code and the construction heretofore placed thereon, and express no opinion as to the burden of proof of such notice required by the bill of lading, or whether the proof of such notice is a condition precedent to the plaintiff's right of recovery, or is a matter of defense under a different state of the

pleadings, as to which the decisions are not in harmony. See notes 9 Ann. Cas. 15, 14 Ann. Cas. 416.

The trial court, therefore, committed no error in giving instruction No. 4.

[8, 9] Objection is also made on the ground that instruction 4, given for the plaintiff, is in conflict with instruction 3, given for the defendant. Instruction 3 was as follows:

"The court instructs the jury that, unless they believe from the evidence that the plaintiff, G. W. Ball, did within four months after the elapse of a reasonable time for the delivery of the goods in question, make claim for his alleged damages and deliver such claim, in writing, to the agent of the defendant railroad company at Grundy, Virginia, or to the agent of the carrier at the point of delivery, they shall find for the defendant company."

Instruction 3 given for the defendant did not correctly state the law arising upon the pleadings and the evidence, and should not have been given. It placed upon the plaintiff the burden of repelling a defense that the defendant had no right under the pleadings to make. The duty to give written notice of the claim was not set up as a matter of defense by any pleading filed in the cause, and was not in issue, and the defendant had no right to call for an instruction on the subject. The giving of instruction 3 was an error into which the railroad company led the trial court, and of which it cannot now complain. A verdict which is correct will not be set aside simply because it is in conflict with an erroneous instruction given at the instance of the party complaining. Burks' Pl. & Pr. (2d ed.), pp. 504, 535, and cases cited; *Queen Ins. Co.* v. *Perkinson*, 129 Va. 216, 222, 105 S. E. 580.

We find no error in the judgment of the circuit court.

*Affirmed.*

Kelly, P. concurs in result.