# Richmond

## H. C. ROSENBERGER V. COMMONWEALTH.

November 17, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*F. H. Brumback, M. E. Stickley* and *Weaver & Armstrong,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

H. C. Rosenberger, who was convicted of violating the prohibition laws, has appealed.

He was indicted in the Circuit Court of Shenandoah county at its May term, 1930. The indictment charged him with manufacturing ardent spirits and with giving and selling ardent spirits to a minor. He was then a fugitive from justice. On the 14th of July he together with W. D. Rosenberger and E. L. Rosenberger appeared and entered into bond in the sum of $2,000, conditioned for his appearance at court in September. He failed to appear and on September 8 a rule issued requiring them to show cause why judgment should not be entered on their bond. On September 24 these sureties did appear,

produced the accused, the rule against them was discharged, on motion the case was continued till November, and he was again bailed in the same sum with the same sureties. At the November term this case was continued because of the absence of a material witness for the Commonwealth, and he again gave bail, conditioned for his appearance in January. On January 12, at the instance of the Commonwealth, there was a continuance to March because "a material witness for the Commonwealth cannot be procured, because of said witness for the Commonwealth being kept away from the trial." On January 19 the defendant was again a fugitive from justice, and a capias for arrest was ordered. On January 24 he appeared and was bailed to the March term. On March 9, on motion of the Commonwealth, there was a continuance to May, it appearing "that a material witness for the Commonwealth cannot be procured because of said witness for the Commonwealth being kept from trial." Bail was again given. At the May term following a continuance was given at the instance of the Commonwealth and for the same reason. At the July term for like reasons the case was continued until September. In September, for like reasons, there was a continuance until November. For the same reason there was a continuance until January, 1932. On January 11, a trial to be had on January 16 was ordered. On January 16 the accused came into court, "and E. M. Stickley, attorney at law, appeared specially before the court on behalf of the said H. C. Rosenberger and moved the court for postponement or a continuance, on the ground that said H. C. Rosenberger had theretofore employed and retained Aubrey G. Weaver, attorney at law, as his counsel, and that said Aubrey G. Weaver had been elected to the Senate of the Commonwealth of Virginia and qualified as such, and was now attending and serving as a member of the Senate at a regular session of the General Assembly of the Commonwealth of Virginia."

Affidavits were filed by W. C. Armstrong, law partner of Senator Weaver, and by the defendant himself. These affidavits show that Mr. Weaver was retained by the accused before the senatorial election, that the senator had had entire charge of this case, and that his partner, Mr. Armstrong, knew nothing about it. In short it appears that Senator Weaver was retained because of his skill and ability in such matters, and was relied upon to conduct the defense.

The court refused a continuance but granted a postponement to January 21, 1932. On that day when the case was called "the accused appeared in person and by counsel," and "by counsel, moved the court for a continuance of his trial," upon grounds heretofore stated, which motion was again overruled. The prisoner was arraigned and pleaded not guilty.. A jury was impaneled, and this verdict was returned:

"We, the jury, find the defendant, H. C. Rosenberger guilty as charged in the second count of the within indictment and fix his punishment at confinement in the penitentiary for the term of two years."

The rule in Virginia governing continuances is well settled.

■ "It has been often repeated by this court, and it is the established rule everywhere, that the granting or refusal of a continuance is always addressed to the sound discretion of the trial court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion and that injury resulted to the party complaining from the abuse." *Virginia Iron, Coal & Coke Co.* v. *Kiser*, 105 Va. 695, 54 S. E. 889.

"A motion for a continuance is addressed to the sound, but not arbitrary, discretion of the court under all the circumstances of the case, and the appellate court will not reverse a judgment or decree because of the action of the lower court on such motion, unless the action was plainly erroneous. Abuse of discretion and prejudice to

the complaining party are essential to reversal." 2 Michie's Dig. Va. & W. Va. Rep., page 855. *Big Sandy, etc., R. Co.* v. *Ball*, 133 Va. 431, 113 S. E. 722; *Parsons* v. *Commonwealth*, 154 Va. 832, 152 S. E. 547.

The attendance of this reluctant and important witness so long desired had finally been secured. It appears that without him the Commonwealth could not make out its case. This statement was made by the trial judge:

"It is further stated to the court that this witness has now been procured and that his presence at a later time, if this case be continued, will be a matter of doubt and uncertainty, and that the only alternative would be to confine the witness to jail, because he cannot give a satisfactory bond. It also is stated that another witness has been brought to the court from a distant part of the State at no inconsiderable expense, and that his future attendance would be subject to doubt and require further expense."

At the trial Rosenberger was represented by counsel. The case was simple upon its face. The defendant was charged with giving and with selling liquor to a minor. The evidence is not before us, nor is there any record of what then actually took place, and so we may assume that he was adequately represented; that he had a fair trial, and that the evidence was amply sufficient to sustain his conviction. In the face of these assumptions we cannot go further and assume that different results would have been reached had Senator Weaver tried the case himself, able counsel though he be, or that any counsel could have led the jury to a different conclusion and to a different verdict. Had counsel died when this case was finally set down for trial there was still time in which to secure the services of others. As we have seen such services were actually secured.

In *Big Sandy, etc., R. Co.* v. *Ball*, 133 Va. 431, 113 S. E. 722, 724, this court, quoting from *Virginia Iron, Coal & Coke Co.* v. *Kiser, supra,* said: "The defendant company

has not pointed out in its petition for this writ of error, nor is there disclosed in the record, any mismanagement or mistake by the learned counsel who conducted the trial for the defense in the court below, or any injury that resulted to it by reason of the absence of Mr. Cabell, therefore there is no ground whatever upon which to rest this assignment of error."

There is no reason to believe that Senator Weaver would have been more successful than Mr. Cabell might have been—that is to say, if the court committed error (and we hold that it did not) in ordering a trial, that error was harmless, and in no court is the doctrine of harmless error more firmly established than with us.

In *Standard Paint Co.* v. *E. K. Vietor & Co.*, 120 Va. 595, 91 S. E. 752, 757, Judge Prentis said: "Since the act of March 27, 1914, *supra,* it is apparent that this court should extend the doctrine of harmless error to its logical conclusion, namely, that error is harmless which does not injuriously affect the interests of the party complaining, and that such injury is not presumed but must affirmatively appear from the record; for that act, in simple and unambiguous language, directs the courts, at every stage of the proceeding, to disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

This statement of this doctrine was expressly reaffirmed in *Bryant* v. *Fox's Adm'r*, 135 Va. 296, 116 S. E. 459.

In *Chicago Public Stock Exchange* v. *McClaughry*, 148 Ill. 372, 36 N. E. 88, 90, the court in dealing with one of these mandatory continuance statutes said: "But it is not every error which will work a reversal. Where this court can see that the error committed in no way injured or prejudiced the defeated party, and that the result must have been the same if such error had not been committed, it will not order a reversal."

In determining the possibilities of error and its character we should have the evidence before us. *Williams*

v. *Commonwealth,* 153 Va. 987, 151 S. E. 151. Here the accused has seen fit not to present it. If he has suffered thereby, he has only himself to blame.

We do not for a moment lose sight of that comity which should exist between co-ordinate branches of our government. Its orderly administration demands it, and we are always alert to remember it. The public duties of members of the legislature are important and engrossing and should be diverted for no private purpose; but the mere fact that counsel is a member of that body does not make a continuance a matter of right.

"At common law attendance on the sessions of a legislative body was not a cause for a continuance which a court was bound to recognize * * *." *Johnson* v. *Theodoron,* 324 Ill. 543, 155 N. E. 481, 483; 6 R. C. L., p. 550; 13 Corpus Juris, p. 146; Note, Ann. Cas. 1913C, pp. 434, 439; *Sheperd* v. *Com.* (Ky.), 82 S. W. 378; *State* v. *Richard,* 127 La. 413, 53 So. 669.

Without elaboration, it is plain that the facts in this case entitle the accused to no indulgence. If he was entitled to a continuance it must be because he was given that peremptory right by statute.

The legislature, on February 17, 1906, Acts 1906, page 19, chapter 29, declared: "That any party to any action or proceeding in any court may have a continuance as a matter of right when the General Assembly is in session, and a member or officer of the General Assembly has been employed or retained by him as attorney in such action or proceeding prior to the beginning of the session of the General Assembly."

This statute, the revisors of the Code of 1919 adopted (see section 298), but added this qualification: "Upon the certificate of such attorney that his client has a defense to the merits of the case."

It was again amended. Acts 1926, page 18, chapter 9. The amendment reads:

"Be it enacted by the General Assembly of Virginia,

That section two hundred and ninety-eight of the Code of Virginia, be amended and re-enacted so as to read as follows:

"Section 298. Continuance of right; member or officer of General Assembly counsel.—Any party who is a member of the General Assembly and who is a party to an action, suit or other proceeding in any court, commission or other tribunal having judicial or quasi judicial powers or jurisdiction, or any member or officer of the General Assembly, who has been employed or retained as attorney in any action, suit, or other proceeding prior to or during the session of the General Assembly, shall have a continuance as a matter of right when the General Assembly is in session."

This act supersedes the Code section and the act of 1906, and contains all the statutory Virginia law on this subject.

"Where an amendment is made by declaring that the original statute 'shall be amended so as to read as follows,' retaining part of the original statute and incorporating therein new provisions, the effect is not to repeal, and then re-enact, the part retained, but such part remains in force as from the time of the original enactment, while the new provisions become operative at the time the amendatory act goes into effect, and all such portions of the original statute as are omitted from the amendatory act are abrogated thereby and are thereafter no part of the statute." Black on Interpt. of Laws, section 133.

Statutes of this character are not unusual and are generally held to be a valid exercise of legislative power. 13 Corpus Juris, page 146; 6 R. C. L., page 550; Anno. Cas. 1913C, page 434; *Chicago Public Stock Exchange* v. *McClaughry,* 148 Ill. 372, 36 N. E. 88; *Silvie* v. *International Order,* 19 La. App. 392, 140 So. 97; *Johnson* v. *Theodoron, supra; Bottoms* v. *Superior Court,* 82 Cal. App. 764, 256 Pac. 422.

Adverting to the Virginia statutes it appears that in

the act of 1906, "any party to any action or proceeding in any court may have a continuance as a matter of right." This provision is carried into the Code of 1919 unchanged, but very substantial changes are written into the act of 1926. In the original act any party to a proceeding was given this right. Now it is given to "any party who is a member of the General Assembly," and to "any member or officer of the General Assembly who has been employed or retained as attorney."

If we were considering some statute newly enacted which for the first time gave this right to counsel, it might be construed by intendment to extend that right to client, but such is not this case. The act of 1906 and the Code of 1919 gave it to any party to any action. This right, by the act of 1926, was not taken generally from clients and invested in counsel, but in terms it was continued as to clients who were members of the General Assembly, thus plainly excluding other clients. There is no canon of construction which could lead us to any other conclusion.

Since no peremptory statute applies, since the trial judge has not abused his discretion, and since no prejudice has been shown, the judgment appealed from must be affirmed, and it is so ordered.

*Affirmed.*

EPES, J., dissenting.

It is my opinion that the act of 1926 (Acts 1926, page 18, chapter 9), by necessary implication, gives to the client a peremptory right of continuance, because in no other way can the peremptory right of continuance expressly given to his counsel be made effective. For this reason I feel constrained to dissent from the opinion of the court.