COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued by teleconference


KEVIN LEEROY PERRY

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0416-05-4                JUDGE RUDOLPH BUMGARDNER, III
                                                            JUNE 20, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                                Lisa B. Kemler, Judge
                                Donald M. Haddock, Judge

        Megan Thomas, Assistant Public Defender, for appellant.

        Alice T. Armstrong, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Kevin Leeroy Perry appeals his conviction by a jury of damaging property, a misdemeanor,

Code § 18.2-137, and of unlawfully throwing a missile at or against an occupied building, a felony,

Code § 18.2-279.  He maintains the trial court erred by imposing a jail sentence for the

misdemeanor, by imposing an additional six-month sentence conditioned on post-release

supervision for the felony, and by overruling his objection to the Commonwealth's attorney's

closing argument.  Finding no error, we affirm.

        The defendant's wife ran into the Head Start office stating:  "He's going to get me.  Call the

police."  An employee immediately locked the front door, which the defendant attempted to open.

After going to the rear of the building, the defendant returned to the front window and threw a brick

through it nearly striking the occupants.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The second count of the indictment charged that the defendant did "unlawfully and intentionally" damage property in violation of Code § 18.2-137(B), a Class 1 misdemeanor. On this count, the trial court gave a finding instruction that omitted the words "and intentionally." It defined the offense as follows: "That the defendant unlawfully damaged property which was not his own."

Before giving the instruction, the trial court asked defense counsel if she had any objection to the finding instruction as tendered. Defense counsel replied, "No objection, Your Honor." Before the jury retired to deliberate, the trial court had defense counsel review the verdict form. Counsel voiced no objection to it. After the verdict of guilt, the trial court asked defense counsel if she had any objection to the proposed sentencing instruction. It defined the punishment alternatives for a Class 1 misdemeanor, which was the correct punishment for unlawfully and intentionally damaging property. Again, defense counsel made no objection.

The jury returned its verdict finding the defendant guilty of "unlawfully and intentionally damaging property not his own, as charged in the Indictment." It imposed a sentence of six months in jail and a $500 fine. The trial court entered judgment on the verdict.

The defendant maintains that the jury could only have fined him for damaging property because the finding instruction only defined a Class 3 misdemeanor when it omitted the element "intentionally." That category of misdemeanor imposes a maximum penalty of a $500 fine. He contends the jury was improperly instructed on the sentencing alternatives and the trial court lacked the authority to impose a jail sentence.

The jury not only could, it did in fact find the defendant guilty of committing the act intentionally, a Class 1 misdemeanor. The verdict as signed, returned, and read stated: "We, the jury find the defendant, Kevin Leroy Perry, guilty of unlawfully and intentionally damaging property not his own, as charged in the Indictment." The verdict records the actual decision

made by the jury. "A verdict which is correct will not be set aside simply because it is in conflict with an erroneous instruction given at the instance of the party complaining." Big Sandy & C. R. Co. v. Ball, 133 Va. 431, 440, 113 S.E. 722, 725 (1922).

The defendant agreed to the finding instruction and the sentencing instruction, and he did not object to the verdict form given to the jury. "'[A] defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.'" Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) (quoting Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992)).

The defendant acknowledges he did not object to the trial court's actions, but he seeks to invoke the ends of justice exception to Rule 5A:18. The "ends of justice" exception permits review when a "granted instruction omitted some essential elements of the offense" and "no evidence was produced relating to those elements." Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681-82 (1991).

In this case, the trial court did omit an essential element of the offense from the finding instruction. However, the evidence that the defendant acted intentionally was overwhelming. He threw a brick through an office window with sufficient force to puncture plexiglass, bounce across a table, and fall to the floor. As the jury was instructed, "every person intends the natural and probable consequences of his acts." See Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998) ("fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts"). "[I]t would have been difficult for a rational trier of fact to reach any conclusion other than that" the defendant intended to damage or destroy property by his actions. See Bazemore v. Commonwealth, 42 Va. App. 203, 223, 590

S.E.2d 602, 612 (2004) (*en banc*). The error in the finding instruction does not meet the criteria for invoking the "ends of justice" exception to Rule 5A:18.

The defendant objects to the sentence imposed for the felony. The jury recommended a sentence of three years incarceration for the felony charge. Pursuant to Code § 19.2-295.2, the trial court sentenced the defendant to an additional six months of incarceration, which he suspended upon the condition of post-release supervision for six months. The defendant maintains the trial court erred because the sentence imposed exceeded what the jury imposed.

The "sentencing procedure [in Virginia] is a matter of legislative determination, and the jury's ascertainment of punishment is not absolute or final." Allard v. Commonwealth, 24 Va. App. 57, 68, 480 S.E.2d 139, 144 (1997). Enactment of Code § 19.2-295.2[1] amended the statutory scheme in effect in Virginia and "the jury's ascertainment of punishment is no longer necessarily the maximum punishment which may be imposed." Id. (finding Code § 19.2-295.2 provides courts the option of imposing additional incarceration term). Code § 19.2-295.2 "permit[s] the trial court to impose a suspended term of incarceration and post-release supervision when the jury's sentence includes an active term of incarceration . . . ." Boyd v. Commonwealth, 28 Va. App. 537, 542, 507 S.E.2d 107, 110 (1998).

---

[1] Code § 19.2-295.2(A) provides:

> At the time the court imposes sentence upon a conviction for any felony offense committed . . . on or after July 1, 2000, shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine. Such additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration. The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years.

- 4 -

The defendant broadly references United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), but his reliance is misplaced. Blakely held that a trial judge may not engage in unilateral fact-finding to impose punishment that exceeds the jury's verdict. Id. at 303-04. Booker reaffirmed Apprendi v. New Jersey, 530 U.S. 466 (2000), holding: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. In this case, the trial court did not make additional fact findings when imposing the defendant's sentence.

The sentence the trial court imposed for the felony of unlawfully throwing a missile at or against an occupied building complied with statutory and case law. It followed the procedures of Code § 19.2-295.2 that permitted additional punishment and postrelease supervision. The sentence imposed was a proper exercise of the sentencing discretion of the trial court.

Finally, the defendant maintains the Commonwealth's closing argument expressed the personal opinion of the attorney. The Commonwealth's attorney argued:

> The Commonwealth had certainly never asked that you convict someone and I really wouldn't unless you were satisfied beyond a reasonable doubt that the crime had been committed. That's our system of justice here.
>
> I would never ask you to convict the defendant of maliciously throwing that brick through that window unless you were satisfied beyond a reasonable doubt that that is exactly what happened. But I would submit to you that those elements have been proven beyond a reasonable doubt.

"A trial court has broad discretion in the supervision of . . . closing argument." O'Dell v. Commonwealth, 234 Va. 672, 703, 364 S.E.2d 491, 509 (1988). "'This Court will not interfere with the exercise of this broad discretion unless it affirmatively appears that such discretion has been abused and that the rights of the complaining litigant have been prejudiced.'" Canipe v.

- 5 -

Commonwealth, 25 Va. App. 629, 639, 491 S.E.2d 747, 752 (1997) (quoting Cohen v. Power, 183 Va. 258, 262, 32 S.E.2d 64, 65 (1944)).

In the challenged remarks, as the trial court ruled, the Commonwealth did not express a personal view that the defendant was guilty. The attorney cautioned the jury to find guilt only if the Commonwealth had proved its case beyond a reasonable doubt. She then argued that the evidence did prove the crime to that degree of certainty. The trial court did not err in overruling the defendant's objection.

Concluding the trial court did not err, we affirm the convictions.

Affirmed.