COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:    Judges Petty, O'Brien and Senior Judge Clements
Argued by videoconference


JESSICA DANIELLE BARROW

OPINION BY
v.        Record No. 0769-20-3          JUDGE WILLIAM G. PETTY
APRIL 27, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M. D. Turk, Judge

Naomi R. Huntington (Huntington, Huntington & Huntington,
PLLC, on brief), for appellant.

Sharon M. Carr, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


In this appeal, we consider the appellant's argument that the trial court erred in denying her request for a continuance during the judicial emergency resulting from the COVID-19 pandemic. We conclude that the trial court did not abuse its discretion.

BACKGROUND

Jessica Danielle Barrow pled not guilty to possession of a Schedule II controlled substance in violation of Code § 18.2-250. After a bench trial, the trial court agreed to a deferred disposition of the case pursuant to Code § 18.2-251. The court stated to Barrow, "So that puts you under the VASAP [Virginia Alcohol Safety Action Program] for twelve months under the 251 program; if you comply with all the terms and conditions of the program then at the end of the year period the court will dismiss the charge." The trial court additionally warned Barrow, "If you fail to comply, then the court will find you guilty of the underlying felony. Understand?" Barrow replied, "Yes, Sir." The trial court emphasized, "So when you come back in here everything has

to be completed. All the programs have to be completed, the community service has to be completed, and the fees and costs have to be paid. All right?" Barrow responded, "Yes, Sir." Accordingly, in its June 25, 2019 order, the trial court found Barrow guilty of possession, deferred the proceedings for one year, placed Barrow on one year of probation supervised by VASAP, ordered 100 hours of community service through VASAP, and ordered Barrow to pay court costs. The trial court continued the case until June 15, 2020.

By letter dated October 9, 2019, Barrow's VASAP case manager notified the trial court that Barrow was not compliant with the terms of probation. Barrow had been placed in an intensive education class but was dropped in less than two weeks for excessive absences. She failed to appear for two community service orientations. She failed to pay the agreed upon program costs. The case manager reported Barrow "has had no contact with our office to discuss the completion of her VASAP requirements."

The trial court held a show cause hearing on January 14, 2020, regarding Barrow's noncompliance with probation. The Commonwealth noted that "six months into [the year of probation] she hasn't done anything at all." The trial court warned Barrow, "Everything is going to have to be completed by that June date, which includes costs, and everything needs to be paid so let's get that done."

At the June 15, 2020 review hearing, Barrow's counsel acknowledged that Barrow had failed to complete *any* of the probation requirements, including payment of court costs. When the trial court asked if she had even signed up for anything, Barrow's counsel responded, "No Sir, Your Honor." Nevertheless, Barrow requested a three-month continuance. Defense counsel proffered that Barrow had failed to comply with the terms of her probation because she had a "number of health issues" and because "due to the period of time that VASAP has been closed [due to the COVID-19 pandemic], [Barrow]'s been unable to communicate with them and

technically then enroll in her classes as well as her community service." The trial court replied, "I understand." The trial court denied the requested continuance, found Barrow guilty of possession of a Schedule II controlled substance, and sentenced her.

In response to the COVID-19 global pandemic and at the request of the Governor, the Chief Justice of the Supreme Court of Virginia declared a judicial emergency, as authorized by Code § 17.1-330(A) on March 15, 2020. The Supreme Court unanimously extended the period of judicial emergency on March 27, 2020; April 22, 2020; May 6, 2020; and June 1, 2020, prior to Barrow's June review hearing. The Fifth Order Modifying and Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency dated June 1, 2020 (judicial order), was the order in effect at the time of Barrow's review hearing. The judicial order gave extensive guidance to the trial courts on a variety of matters, including the directive that "[c]ontinuances and excuses for failure to appear shall be liberally granted for cause resulting from the impact of the ongoing COVID-19 crisis."

Barrow appealed her conviction to this Court, arguing the "trial court abused its discretion by failing to grant a motion for continuance on June 15, 2020 during an ongoing state of judicial emergency."

## ANALYSIS

We consider in this case a trial court's discretion in granting or denying continuances, the effect of the judicial order on that discretion, and whether the trial court in this case abused its discretion.

"The rule in Virginia governing continuances is well settled." Rosenberger v. Commonwealth, 159 Va. 953, 957 (1932).

> It has been often repeated by [the Supreme Court], and it is the established rule everywhere, that the granting or refusal of a continuance is always addressed to the sound discretion of the trial court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion and that injury resulted to the party complaining from the abuse.

Id. (quoting Va. Iron, Coal & Coke Co. v. Kiser, 105 Va. 695, 697 (1906)); see Hall v.

Commonwealth, 296 Va. 577, 587 (2018) ("The decision to grant a motion for a continuance is

within the sound discretion of the circuit court and must be considered in view of the

circumstances unique to each case." (quoting Va. Fuel Corp. v. Lambert Coal Co., 291 Va. 89,

104 (2016))).

> [A] court abuses its discretion: "when a relevant factor that should
> have been given significant weight is not considered; when an
> irrelevant or improper factor is considered and given significant
> weight; and when all proper factors, and no improper ones, are
> considered, but the court, in weighing those factors, commits a
> clear error of judgment."

Lawlor v. Commonwealth, 285 Va. 187, 213 (2013) (quoting Landrum v. Chippenham and

Johnston-Willis Hospitals, Inc., 282 Va. 346, 352 (2011)).

The judicial order directed trial judges to "liberally grant[]" continuances "for any cause

resulting from the impact" of the COVID-19 pandemic. The Supreme Court thereby directed a

trial court to consider and give substantial weight to COVID-19 as a factor in determining

whether to grant a continuance. It also implicitly instructed a trial court to determine whether the

requested continuance was, in fact, based on an "impact of the ongoing COVID-19 crisis." The

weight given this impact "in view of the circumstances unique to [the] case," Hall, 296 Va. at

587, and, ultimately, the decision to grant the continuance after consideration of all the factors

remained "addressed to the sound discretion of the trial court," Rosenberger, 159 Va. at 957.

In that light, we now consider whether Barrow has demonstrated that the trial court

abused its discretion in denying her requested continuance. See Hall, 296 Va. at 587. Barrow

argues that the trial court's denial of the continuance request "was an abuse of discretion due to

the failure to comply with the judicial order of the Supreme Court instructing liberal grants of

continuances for causes resulting from the impact of the COVID-19 crisis." We disagree that the

trial court failed to comply with the judicial order.

- 4 -

The judicial order's instruction that continuances be "liberally" granted did not negate the trial court's role in determining the impact, if any, of the COVID-19 crisis on Barrow's request for a continuance. Barrow argues that the trial court abused its discretion, however, because it did not consider the factor of the Supreme Court's directive that continuances be liberally granted for causes impacted by the COVID-19 pandemic. The record shows the trial court was aware of the COVID-19 crisis and factored that into its decision.[1] When Barrow stated that VASAP had been closed because of the pandemic, the trial court responded, "I understand." Nothing in the record suggests that the trial court did not consider the COVID-19 crisis in its determination.

We cannot say that the trial court erred in concluding that the COVID-19 crisis had minimal, if any, impact on Barrow's noncompliance. Barrow put forth two excuses for her noncompliance. First, Barrow proffered that she had "health issues."[2] At the January show cause hearing, she said she had surgery on December 3, 2019. She provided no evidence that she notified VASAP about her health issues either before or after her surgery. Moreover, months before the surgery, Barrow had already been dropped from her intensive education group for excessive absences, had missed two orientations for the community service work, and had failed to pay the agreed VASAP program fees.

Second, Barrow proffered that "due to the period of time that VASAP has been closed she's been unable to communicate with them and technically then enroll in her classes as well as

---

[1] Barrow admits she did not specifically raise the judicial order's wording to the trial court, but she notes that a "judge is presumed to know the law and to apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 62 (2007) (quoting Crest v. Commonwealth, 40 Va. App. 165, 172 n.3 (2003)). She argues this presumed knowledge includes the judicial order's directives. For purposes of this analysis, we will accept Barrow's premise.

[2] Barrow made no argument to the trial court that her "health issues" were caused or impacted by the COVID-19 pandemic.

her community service."[3]  At the June 2020 review hearing, Barrow conceded that she had not completed *any* deferral or probation requirement.   Barrow provided no evidence she had even contacted VASAP about completion of her probation requirements, either before or after the declaration of a judicial emergency.

Moreover, Barrow failed to pay the court costs as required by the deferral order—a requirement that was not affected by a closure of VASAP.  The trial court had admonished Barrow during the January show cause hearing, "Everything is going to have to be completed by that June date which includes costs and everything needs to be paid, so let's get that done."  But Barrow did not get it done.  The trial court summed up the situation by saying "she hasn't done anything" toward completing the deferral requirements.  The trial court considered the COVID-19 crisis as a factor and then exercised its sound discretion in denying Barrow's continuance request. See Rosenberger, 159 Va. at 957-58.[4]

When considering whether a trial court has abused its discretion the Supreme Court has observed that

> [t]he exercise of discretion . . . presupposes "that, for some
> decisions, conscientious jurists could reach different conclusions
> based on exactly the same facts — yet still remain entirely
> reasonable." Thomas v. Commonwealth, 62 Va. App. 104, 111
> (2013) (citation omitted).  "This bell-shaped curve of reasonability
> governing our appellate review rests on the venerable belief that
> the judge closest to the contest is the judge best able to discern

---

[3] Barrow provided no evidence regarding the period of time VASAP was purportedly closed, but she referenced the period between the declaration of judicial emergency on March 16, 2020, and the review hearing on June 15, 2020.  Barrow "indicated" through counsel that she had been unable to communicate with VASAP.  She provided no evidence to the trial court that she had attempted to contact VASAP during that period.  She provided no evidence that VASAP requirements could not be completed during that period.  For the purposes of analysis, however, we will accept Barrow's "indication" as accurate.

[4] Because we find the trial court did not abuse its discretion in denying Barrow's request for a continuance, we do not need to consider the second prong of the analysis regarding prejudice. See Hall, 296 Va. at 587.

where the equities lie." Sauder v. Ferguson, 289 Va. 449, 459
(2015) (citation omitted).

Du v. Commonwealth, 292 Va. 555, 564 (2016). Based on the history of Barrow's noncompliance with the requirements imposed by the trial court as a condition of its deferred disposition of her case, the trial court's denial of the request for a continuance fell squarely within that bell-shaped curve of reasonability.

CONCLUSION

The judicial order directing trial courts to "liberally" grant continuances for any impact caused by the COVID-19 crisis added a factor for the trial court to consider. However, it certainly did not require a trial court to grant a continuance every time a party invoked the magic word "COVID." The discretion to grant or deny the continuance after weighing all the factors and circumstances resided with the trial court. We conclude the trial court did not abuse its discretion when it denied Barrow's request for a continuance. Accordingly, we affirm.

Affirmed.