## COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Athey and Senior Judge Frank
Argued by videoconference

PUBLISHED

OKSANA MARINARO

OPINION BY

v.         Record No. 1160-20-1          JUDGE CLIFFORD L. ATHEY, JR.
AUGUST 3, 2021

DOMENICK A. MARINARO

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Brandy M. Poss (Barnes & Diehl, P.C., on briefs), for appellant.

Robert B. Jeffries (Bretta Z. Lewis, Guardian *ad litem* for the minor
child; Bob Jeffries Law, P.C.; Wolcott Rivers Gates, on brief), for
appellee.

Oksana Marinaro ("wife") appeals from a final divorce decree entered in the Circuit

Court of the City of Virginia Beach ("circuit court"), at the request of her husband Domenick

Marinaro ("husband"). On appeal, wife argues that (1) the circuit court erred by denying wife's

email requesting a motion to continue, per the Supreme Court of Virginia Orders of Judicial

Emergency, due to her having a fever and possible coronavirus, thus impacting her due process

rights; (2) the circuit court erred by denying wife's request for attorney's fees and her request to

be designated as the beneficiary of husband's life insurance policies; (3) the circuit court erred

by failing to award wife child support; (4) the circuit court erred by denying equitable

distribution to both parties when it found that the marital home was not subject to equitable

distribution based solely on the fact that it was titled in the name of the husband and ruling on

equitable distribution without the consideration of the Code § 20-107.3(E) factors; (5) the circuit

court erred by awarding husband primary physical custody of the parties' child when wife was

not present for the hearing, modifying a prior custody and visitation order without first finding a material change in circumstance, and failing to comply with the statutory requirements of Code § 20-124.3; (6) the circuit court erred when it awarded wife one month of spousal support without considering the statutory requirements of Code § 20-107.1 to determine the nature, amount, and duration of the spousal support award and failing to provide written findings identifying the basis for such award; and (7) the circuit court erred by denying wife's motion to reconsider, rehear, and vacate final decree. Finally, wife requests attorney's fees and costs on appeal. For the following reasons, we remand to the circuit court for rehearing and deny wife's request for fees and costs.

## I. BACKGROUND

Husband and wife married on April 24, 2008. The parties had one child together who was nine years old at the time of trial. Husband filed a complaint for divorce on November 14, 2018, on the grounds of cruelty and constructive desertion, seeking custody of the parties' minor child, child support, spousal support, and equitable distribution.

After being granted an extension of time to file an answer and counterclaim, wife filed her answer and counterclaim on March 19, 2019, also requesting a divorce on the grounds of cruelty and constructive desertion, as well as spousal support, child support, custody of the parties' child, equitable distribution, and an award of attorney's fees.

The circuit court held a *pendente lite* custody hearing on July 18, 2019, and subsequently entered a *pendente lite* order on August 12, 2019, awarding the parties temporary joint legal custody of their minor child, with primary physical custody going to husband. Wife received extended visitation every other weekend from Thursday until Monday.

Wife next filed a motion requesting temporary spousal support and on October 7, 2019, the circuit court granted wife's motion for spousal support *pendente lite* in the amount of $850

- 2 -

per month retroactively beginning on September 1, 2019. On October 4, 2019, the circuit court also modified its previous *pendente lite* custody order and granted husband sole legal and physical custody and further ordering that wife's visitation be supervised.

On February 11, 2020, the parties entered into a separation agreement limited to the equitable distribution of their automobiles and debts. On March 12, 2020, a trial on the merits concerning the remaining unresolved matters commenced with the trial court noting at the beginning of the trial that due to time constraints, the parties would have to return to court to complete the trial at a later date. During the March 12, 2020 hearing, the parties reached an agreement regarding custody and visitation that was later memorialized in a consent order for custody and visitation entered on April 6, 2020. In the agreement, the parties were awarded joint legal custody and shared physical custody with an alternating weekly schedule.

All remaining issues, including equitable distribution, spousal support, and child support matters were continued to March 18, 2020, as the circuit court did not have enough time to hear those matters after finding that the jurisdictional grounds for divorce were satisfied and child custody was resolved. However, due to the onset of the COVID-19 pandemic and the corresponding emergency orders of the Supreme Court of Virginia, the March 18, 2020 hearing was continued to August 17, 2020.

On the morning of the August 17, 2020 trial, wife sent an email at 7:44 a.m. to the clerk of the circuit court stating "I have a fever and a possible coronavirus contact. The trial date is today [in the circuit court], what should I do? Will [the circuit court] continue the trial?" Wife sent two additional emails that morning asking for guidance from the circuit court on how to proceed but received no guidance from the court.

As a result, wife did not attend the August 17, 2020 continued trial and the circuit court proceeded with the trial in her absence. During the continued trial, the circuit court decided the

issues of equitable distribution, spousal support, child custody, and child support based solely on the evidence presented by husband. The circuit court also modified the previously agreed upon custody order, awarding husband primary physical custody after asking husband what arrangements for custody that husband wanted. In addressing wife's absence, the circuit court stated "[t]o the extent that her e-mail of August 17th, 2020, to the Circuit Court duty judge constitutes a motion for a continuance, that motion is denied. It is my understanding that today [husband] wants a divorce. The matter is on the docket for a divorce. [Wife] has chosen not to appear."

On September 14, 2020, wife filed a motion explaining that she had notified the court on August 17, 2020, that she had a fever and a COVID-19 contact. In this motion, wife attached a note from a doctor that she had been tested for COVID-19 on August 18, 2020. The note did not state the results of the test, merely that wife had been tested on the following day after the scheduled trial. Additionally, wife asked the circuit court to award her child support, spousal support, and equitable distribution. Wife proffered evidence regarding the marital share of husband's retirement accounts and the payments on the mortgage of the marital residence during marriage. Wife additionally provided evidence of the value of marital investments and the value of personal property that was not distributed in the final decree. The circuit court denied wife's motion and subsequently entered the final decree of divorce on September 18, 2020.

Wife noted her timely objections and filed a motion to reconsider, rehear, and vacate final decree on October 2, 2020. Wife scheduled a hearing on her motion for October 9, 2020. The circuit court entered an order denying wife's motion on October 15, 2020, and removed the case from the docket. This appeal follows.

## II. ANALYSIS

### A. Effect of COVID-19 on Continuances

On appeal, wife argues that the circuit court abused its discretion by failing to grant her a continuance and by proceeding to hear and decide the case without wife present in violation of the emergency orders of the Supreme Court of Virginia. Further, wife contends that the circuit court's failure to provide wife with alternative arrangements to participate in the hearing violated her due process rights under the Virginia and United States Constitutions. For the following reasons, we find that the trial court abused its discretion when it failed to grant the continuance due to the COVID-19 pandemic.[1]

"The rule in Virginia governing continuances is well settled." Barrow v. Commonwealth, 73 Va. App. 149, 152 (2021) (quoting Rosenberger v. Commonwealth, 159 Va. 953, 957 (1932)).

> It has been often repeated by [the Supreme Court], and it is the established rule everywhere, that the granting or refusal of a continuance is always addressed to the sound discretion of the trial court, and to entitle a party to a reversal on that ground it must be clearly shown that the court abused its discretion and that injury resulted to that party complaining from the abuse.

Id. at 153. This rule "must be considered in the view of the circumstances unique to each case." Hall v. Commonwealth, 296 Va. 577, 587 (2018) (quoting Va. Fuel Corp. v. Lambert Coal Co., 291 Va. 89, 104 (2016)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

Barrow, 73 Va. App. at 153 (quoting Lawlor v. Commonwealth, 285 Va. 187, 213 (2013)).

---

[1] As we are remanding to the circuit court for rehearing, we do not address wife's remaining contentions as they are moot.

On March 16, 2020, in response to the COVID-19 pandemic, the Supreme Court of Virginia declared a judicial emergency at the request of the Governor pursuant to Code § 17.1-330(A). That order directed courts to

> Continue all civil, traffic, and criminal matters, including jury trials, subject to a defendant's right to a speedy trial, with the exception of emergency matters, including but not limited to, quarantine or isolation matters, arraignments, bail reviews, protective order cases, emergency child custody or protection cases, and civil commitment hearings. Judges may exercise their discretion with regard to proceeding with ongoing jury trials, and in cases where the defendant is incarcerated.

This emergency order was extended by orders of March 27, 2020, April 22, 2020, May 6, 2020, June 1, 2020, and June 22, 2020.

Specifically, the June 22, 2020 emergency order, in effect at the time of the divorce hearing on August 17, 2020, stated, "[n]otwithstanding the ongoing preference for conducting business by video conferencing or telephone, all courts may hear in-person non-emergency matters and non-jury cases if they determine it is safe to do so . . . ." Further, "[c]ontinuances and excuses for failure to appear shall be liberally granted for *any* cause resulting from the impact of the ongoing COVID-19 crisis." (Emphasis added). Thus, the directive given to the trial court is "to consider and give substantial weight to COVID-19 as a factor in determining whether to grant a continuance."

Taking this into consideration, we now look to the record to determine if the circuit court abused its discretion when it denied wife a requested continuance via email on the morning of trial. See Hall, 296 Va. at 587. Wife contends that the trial court abused its discretion when it failed to grant her a continuance or in the alternative, failed to make alternative arrangements for her to participate in the hearing. We agree.

The emergency order requires that the circuit court determine what, if any, impact the COVID-19 crisis had on wife's request. It is clear from the record that the trial court did not

- 6 -

consider wife's symptoms when it denied wife's request for a continuance. In denying wife's request for a continuance, the circuit court merely denied the request and stated that "[wife] has chosen not to appear."

Further, the circuit court did not consider the emergency protocols in place on August 17, 2020, that would have prohibited wife from entering the courthouse. The Sixth Order Extending Declaration of Judicial Emergency in Response to COVID-19 provides that "[a]ll courts and security personnel shall take reasonable measures to prohibit individuals from entering the courthouse if they have, within the previous fourteen days . . . been diagnosed with, or have had contact with anyone who has been diagnosed with, COVID-19 . . . experienced a fever, cough, or shortness of breath . . . ." The emergency order further required that: "[t]he court and security personnel shall direct such individuals to contact the clerk's office by telephone or other remote means to inform the clerk of their business before the court so they may receive further instruction regarding alternate arrangements for court access."

Wife, in her email request to the circuit court on the morning of the trial stated that she currently had a fever and had been exposed to an individual who tested positive for COVID-19. Husband argues that the decision rests on the credibility of wife. We disagree.

The directive from the Supreme Court was for the circuit court to consider the impact COVID-19 had on the request for a continuance. Wife being unable to enter the courtroom with her symptoms is a direct impact of COVID-19 that the circuit court did not consider. As the Supreme Court stated in Lawlor, an abuse of discretion occurs "when a relevant factor that should have been given significant weight is not considered." Lawlor, 285 Va. at 213 (quoting Landrum v. Chippenham and Johnston-Willis Hospitals, Inc., 282 Va. 346, 352 (2011)).

In Barrow, we found that a trial court did not abuse its discretion when it declined to grant a continuance. However, the facts in this case are distinguishable. Barrow was required to

complete one year of supervised probation and 100 hours of community service through VASAP [Virginia Alcohol Safety Action Program]. 73 Va. App. at 151. Additionally, Barrow was required to pay her outstanding court costs. Id. Six months later, Barrow had failed to complete any of her community service. Id. The trial court reminded her that her probation, community service, and court costs must be completed by the next hearing in six months. Id.

At the next court date, Barrow still had failed to complete any of the probation requirements including payment of the court costs. Id. Barrow requested a three-month continuance that the trial court denied. Id. On appeal, Barrow argued that the trial court abused its discretion when it failed to grant the continuance during the ongoing state of judicial emergency. Id. at 152.

We held that the trial court in Barrow did not abuse its discretion when it declined to grant a continuance. There, the trial court considered all the relevant factors, including the COVID-19 crisis as required by the emergency orders. Id. at 155. We held that Barrow's history of non-compliance was a relevant factor for the trial court to consider when it declined to grant the continuance. Id. at 156. Barrow also made no showing that her request was due in any part to the ongoing COVID-19 pandemic. Id. at 154.

By contrast, here, wife had filed numerous pleadings in the instant case, and she was present at all hearings of which she had been notified. The only continuance in this case was the circuit court continuing the March 18, 2020 trial to August 17, 2020, to deal with the growing COVID-19 global pandemic. The Supreme Court's emergency order did not require the circuit court to make a credibility determination concerning whether the affected individual was infected with the COVID-19 virus, but rather to determine what impact COVID-19 had on the request. Since the record in this case is bereft of any consideration of the impact of COVID-19

on the request for continuance, we find that under these unique circumstances, the circuit court abused its discretion when it failed to grant wife a continuance.

Finding that the circuit court abused its discretion does not end our analysis. We are also required to determine if wife was injured by the circuit court's failure to grant a continuance. See Rosenberger, 159 Va. at 957.

Here, it is clear that wife was injured by the circuit court's refusal to grant a continuance. The circuit court only heard husband's argument and viewed husband's evidence on the issues that remained before the court. The trial court adopted much of the husband's unilateral arguments and evidence regarding the equitable distribution, spousal support, and child support. The trial court additionally modified the previously agreed upon custody determination of the minor child based upon the husband's request. While we do not address, or opine, on the correctness of the circuit court's rulings, the record reflects that wife was injured by not being present, in person or by alternative means, at the hearing to present her evidence and argument.

As the record is silent as to any consideration by the circuit court of wife's potential exposure to COVID-19, we find that the circuit court abused its discretion in denying wife's motion for a continuance. Additionally, we find that the failure to grant the continuance clearly injured wife and her ability to present argument and evidence in her favor. As a result, we remand the case to the trial court for a new trial on the merits.

### B. Attorney's Fees

Finally, wife requests an award of appellate attorney's fees and costs expended in this matter. The decision to award attorney's fees and costs incurred on appeal is within the sound discretion of the appellate court. See Rule 5A:30; O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). The Court's decision is not limited to whether a party prevailed on appeal but considers whether the issues raised were "frivolous" and the equities of the case. See Wright v.

Wright, 61 Va. App. 432, 470 (2013) (quoting O'Loughlin, 23 Va. App. at 695).  Having

thoroughly reviewed the record on appeal, we decline to award attorney's fees in this matter.

III.  CONCLUSION

The Supreme Court's emergency order directed circuit courts to consider what, if any,

impact COVID-19 had on a request for a continuance.  Circuit courts were required to "liberally"

grant a continuance for any impact caused by COVID-19.  We conclude that the circuit court

abused its discretion by failing to consider the impact of COVID-19 in its denial of a request for

a continuance and that this abuse of discretion clearly injured wife in her ability to present

evidence and argument before the circuit court.  Accordingly, we reverse and remand the matter

for a hearing consistent with this opinion.  Further, we deny wife's request for appellate

attorney's fees and costs.

Reversed and remanded.